# Exhibit A

KOREIN TILLERY                                                  Stephen M. Tillery
*Attorneys at Law*                                              STillery@KoreinTillery.com
                                                                p: (314) 241-4844
One U.S. Bank Plaza                                             f: (314) 241-3525
505 North 7th Street, Suite 3600
St. Louis, MO  63101-1625

www.KoreinTillery.com

June 4, 2015

**Via ECF (S.D.N.Y. and C.D. Cal.) and Email (D. Kan.)**

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the District of Kansas
500 State Avenue, Suite 517
Kansas City, KS 66101

The Honorable George H. Wu
United States District Court for the Central District of California
312 North Spring Street
Los Angeles, CA 90012-4701

Re:   *NCUA v. RBS Securities, Inc.*, No. 13-6726 (S.D.N.Y.)
      *NCUA v. RBS Securities, Inc.,* No. 11-5887 (C.D. Cal.)
      *NCUA v. RBS Securities, Inc.*, No. 11-2649 (D. Kan.)
      *NCUA v. Morgan Stanley & Co.,* No. 13-6705 (S.D.N.Y) (Lead Case)

Dear Judges Cote, Lungstrum, Wu, and O'Hara:

We write on behalf of NCUA, as liquidating agent, to provide notice of developments in another district court that affect discovery in these coordinated actions. On May 19, 2015, NCUA provided the Courts with notice that it had filed a motion under Rule 45(f) to transfer to the Southern District of New York a motion to quash a deposition subpoena that RBS witness James Whittemore had filed in the Northern District of Illinois. Earlier today, the Honorable Michael T. Mason granted NCUA's motion to transfer; his order is attached as Exhibit 1.

The Courts' May 20 order (ECF No. 297, 13-cv-06705) requires that "promptly after any such transfer the party seeking the discovery"—in this case, NCUA—"shall file in each district in this coordinated litigation copies of the motion papers related to the dispute." Accordingly, NCUA has asked Whittemore's counsel whether he intends to stand on the papers filed in the Northern District of Illinois. NCUA will act promptly upon receiving Whittemore's response.

Respectfully submitted,

/s/ Stephen M. Tillery

David C. Frederick
Wan J. Kim
Gregory G. Rapawy
Andrew C. Shen
KELLOGG, HUBER, HANSEN, TODD,
 EVANS & FIGEL, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
dfrederick@khhte.com
wkim@khhte.com
grapawy@khhte.com
ashen@khhte.com

George A. Zelcs
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel: (312) 641-9750
Fax: (312) 641-9751
gzelcs@koreintillery.com

Stephen M. Tillery
Robert L. King
Michael E. Klenov
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Tel: (314) 241-4844
Fax: (314) 241-3525
stillery@koreintillery.com
rking@koreintillery.com
mklenov@koreintillery.com

David H. Wollmuth
Frederick R. Kessler
Steven S. Fitzgerald
Ryan A. Kane
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue, 12th Floor
New York, NY 10110
Tel: (212) 382-3300
Fax: (212) 382-0050
dwollmuth@wmd-law.com
fkessler@wmd-law.com
sfitzgerald@wmd-law.com
rkane@wmd-law.com

Norman E. Siegel (D. Kan. # 70354)
Rachel E. Schwartz (Kan. # 21782)
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
Fax: (816) 714-7101
siegel@stuevesiegel.com
schwartz@stuevesiegel.com

Marc M. Seltzer (54534)
Bryan Caforio (261265)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Fax: (310) 789-3150
mseltzer@susmangodfrey.com
bcaforio@susmangodfrey.com

*Attorneys for Plaintiff National Credit Union Administration Board*

2

# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES WHITTEMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 15 CV 4152 |
| | ) |
| v. | ) Honorable Ronald A. Guzman |
| | ) |
| | ) Magistrate Judge Michael T. Mason |
| NATIONAL CREDIT UNION | ) |
| ADMINISTRATION BOARD, | ) |
| | ) |
| Defendant. | ) |

WRITTEN OPINION entered by the Honorable Michael T. Mason: Defendant's motion to transfer subpoena-related dispute to the issuing court [16] is granted for the reasons set forth below. Plaintiff's motion to quash subpoena and for a protective order [1] is transferred to the United States District Court for the Southern District of New York to be considered in connection with the pending case of *National Credit Union Administration Board v. RBS Securities, Inc.,* 13 C 6726 (S.D.N.Y.). All matters relating to the referral of this case having been completed, the referral is closed and the case is returned to the assigned judge. Judge Michael T. Mason no longer referred to the case.

## **FACTS**

The National Credit Union Administration Board ("NCUA") is currently a plaintiff in a number of securities cases ("Actions") involving allegations that defendants underwrote and sold residential mortgage-backed securities ("RMBS") pursuant to written materials that allegedly contained untrue statements of material facts or omitted material facts. The Actions are pending before Judge Wu in the Central District of California, Judge Lungstrum and Judge O'Hara in the District of Kansas, and Judge Cote in the Southern District of New York. Recognizing that the Actions share common issues, overlapping parties, and common discovery, the presiding judges adopted a Master Discovery Protocol ("Protocol") in April 2014. *See National Credit Union Administration Board v. RBS Securities, Inc.*, 13 C 6726, at Dkt. 100 (S.D.N.Y. Apr. 9, 2014). Judge Cote was designated as the "Coordination Judge" for all Actions in order to "avoid unnecessary conflicts and inconsistencies in the rulings in the Actions." (Protocol at § 2.) Pursuant to the Protocol, "[a]ll discovery applications and disputes shall be brought to the Coordination Judge in the form of a two-page letter." *Id.*

Section 10 of the Protocol orders all parties to "produce the transcripts of

testimony and affidavits/affirmations, including all exhibits, from any and all RMBS matters... in which it or one of its officers or employees was a party." (Protocol at § 10(d).) The Protocol treats the testimony as if it was taken in the Actions. *Id.* Parties are instructed to "endeavor to not subject witnesses to the same questioning for which a transcript was previously provided." *Id.*

The plaintiff in this matter, James Whittemore, is a former employee of RBS Securities, Inc., a defendant in *National Credit Union Administration Board v. RBS Securities, Inc.,* 13 C 6726 (S.D.N.Y.) ("Underlying Action"). On April 14, 2015, the NCUA issued a subpoena from the Southern District of New York for Whittemore's deposition. On May 11, 2015, Whittemore filed a motion in this District to quash his deposition subpoena and issue a protective order. The NCUA filed an emergency motion to transfer the subpoena-related dispute to the Southern District of New York.[1]

In its motion, the NCUA asserts that the matter should be transferred to the Southern District of New York to be decided under the parameters set forth in the Protocol. The NCUA cites Federal Rule of Civil Procedure 45(f), which permits the Court to transfer a subpoena-related motion to the issuing court if it finds "exceptional circumstances." According to the NCUA, exceptional circumstances exist here because all discovery disputes in the Underlying Action have been resolved by the issuing court and in accordance with the procedure laid out in the Protocol, typically within days of being submitted. The NCUA argues that there is a risk of inconsistent rulings if another court is asked to determine whether a deposition would be duplicative and overly burdensome. The NCUA emphasizes that Judge Cote has been appointed to manage discovery disputes such as this one in dozens of cases spanning three separate districts in order to ensure that there are no inconsistent rulings or inefficient disruptions. Specifically, the NCUA explains that Judge Cote has previously decided an issue involving objections to questions during a deposition that were allegedly addressed in previously produced transcripts. It is the NCUA's position that a transfer under Rule 45(f) is essential to maintaining a uniform interpretation of Section 10 of the Protocol and preventing unnecessary disruptions.

Whittemore responds [20] that he is an Illinois resident who filed his motion to quash pursuant to Federal Rules 26(c) and 45(d) on the grounds that his deposition subpoena was unduly burdensome and unnecessarily duplicative. Whittemore notes that he has been deposed four times on similar matters and that "all the testimony he has to give is already available to NCUA in the form of transcripts of his prior testimony." (Dkt. 20 at 2.) Further, Whittemore does not believe that the NCUA's reasons for transfer rise to the level of exceptional circumstances contemplated by Rule 45. He asserts that there is no risk of inconsistent precedent because Judge Cote has not ruled on any similar motion to quash and there is no indication that any similar motions will be

---

[1] Although the NCUA labels its motion an "emergency" motion, this Court did not find that this matter warranted an emergency hearing. Instead, this Court issued a short briefing schedule in an attempt to resolve this issue in a timely matter so that the pending motion to quash may also be resolved expeditiously.

filed in the future. Further, he maintains that the purpose of Rule 45(f) is to protect non-parties from undue burdens, and that local resolution of the motion will impose a lighter burden. According to Whittemore, his interest in having this matter resolved in the jurisdiction in which he resides far outweighs any reason for transferring the motion to another jurisdiction. Although we agree that this Court has an interest in protecting the interests of a resident of the Northern District of Illinois, we find that the record supports transferring the discovery dispute to the issuing court.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26(c), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Under the Advisory Committee Notes, however, "[t]he court in the district where the deposition is being taken may, and frequently will, remit the deponent or party to the court where the action is pending." Fed. R. Civ. P. 26(c), Advisory Committee Notes, 1970 Amendment, Subdivision (c).

As discussed above, Federal Rule of Civil Procedure 45(f) states that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." The Advisory Committee further notes that:

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.
> Fed.R.Civ.P. 45(f), Advisory Committee Notes, 2013 Amendment, Subdivision (f); *See also Cont'l Auto Sys., U.S., Inc. v. Omron Auto. Elec., Inc.,* 14 C 3731, 2014 WL 2808984, at *2 (N.D. Ill. June 20, 2014).

Additionally, the Federal Rules allow courts to transfer matters when the interest of uniformity and judicial economy supports transfer. *In re Subpoenas Duces Tecum to Schneider National Bulk Carriers*, 918 F. Supp. 272, 273 (E.D. Wis. 1996) (transferring a motion to quash document subpoenas to the court overseeing the case "in the interest of uniformity and judicial economy").

## **ANALYSIS**

Rule 45(f) specifically allows for transfer of a subpoena-related motion by contemplating situations in which transfer is warranted. This is one such situation. Whittemore's interest in avoiding what he considers to be a duplicitous deposition is understandable, as is his interest in having the matter decided by the jurisdiction in which he resides. Nonetheless, given the exceptional circumstances present, this Court finds that the Southern District of New York's prevailing interest in the Actions, including the Underlying Action, outweighs Whittemore's interest.[2]

**Risk of Inconsistent Rulings**

First, although the issuing court in the Underlying Action has not ruled on whether a deposition should be quashed based on prior testimony that has been provided pursuant to Section 10 of the Protocol, the issuing court has been asked to review objections during a deposition based on that Section. The issuing court's determination of whether deposition questions were duplicative of testimony provided in previous depositions involves a similar analysis as whether Whittemore should be subject to another deposition after already submitting his earlier testimony.

In the issuing court's ruling on the appropriateness of deposition questions, Judge Cote ordered that "parties shall confer and attempt to reach agreement on the ground rules for questioning a deponent about a document that was the subject of testimony in that witness's prior deposition." (Mot., Ex. 1 at 4.) In the event Whittemore is deposed in the Underlying Action, the issuing court's order may become relevant. Notably, in his motion to quash, he asks in the alternative for the deposition to be limited to topics on which he has not previously given testimony. Based on Judge Cote's order, the parties are to reach an agreement on deposition topics when prior testimony is available. Consequently, a possible outcome in Whittemore's motion to quash, namely limitations in deposition topics, is addressed in Judge Cote's order. It is also reasonable to suspect that if Whittemore is deposed again, there may be objections during the deposition over the appropriateness of certain topics based on prior testimony. Given his prior ruling on the issue, Judge Cote would be in the best position to make such a determination.

There is a legitimate interest in avoiding the disruption of the issuing court's rulings on discovery matters. *See Cont'l Auto Sys., U.S., Inc. v. Omron Auto. Elec., Inc.,* 14 C 3731, 2014 WL 2808984, at *2 (N.D. Ill. June 20, 2014) (transferring the case to avoid disrupting the issuing court's management of the underlying litigation). For example, this Court's rulings regarding whether another deposition is warranted, or whether specific topics are appropriate, may be inconsistent with the issuing court's determination on similar matters. Asking this Court to determine the appropriateness of deposition testimony risks undermining the issuing court's discovery rulings in the

---

[2] Transferring the subpoena-related motion does not result in a change of the physical location where the deposition must take place pursuant to Rule 45. *See Wultz v. Bank of China, Ltd.,* MC 13-1282(RBW), 2014 WL 2257296, at *5 (D.D.C. May 30, 2014).

Underlying Action, as well as all Actions under the issuing court's discretion. The judges presiding over all of the Actions took great measures to address discovery issues in the Actions because they realize the importance of consistent rulings and judicial economy.

**Protocol**

Notably, one of the measures taken by the courts to address discovery issues in the Actions and to ensure consistent rulings was the creation of the Protocol. According to the NCUA, all discovery issues in the Underlying Action have been resolved in accordance with the procedure outlined in the Protocol, usually within days of being submitted. Whittemore's motion to quash is itself a deviation from the Protocol, which explains that "all discovery applications and disputes shall be brought to the Coordination Judge in the form of a two-page letter." (Protocol at § 2.) Consequently, the mere allowance of a motion to quash instead of requiring compliance with the Protocol may be inconsistent with the issuing court's handling of these Actions.

Whittemore asserts that his motion to quash is on "grounds that are *wholly independent* of [Protocol] § 10(d)-namely Federal Rules 26(c) and 45(d) which protect a *non-party* like Mr. Whittemore." (Dkt. 20 at 8.) He further maintains that his grounds to quash the subpoena are "fundamentally different" from those involved in Section 10 of the Protocol and that this Court does not need to interpret the Protocol to find that an undue burden exists. *Id.*

In his motion to quash, however, Whittemore emphasizes that his deposition is unnecessary because he produced transcripts in compliance with the Protocol and that anything he would testify to was covered in the transcripts. (Dkt. 6 at 7.) As noted, under Section 10 of the Protocol, "[t]he testimony shall be treated as if taken in the Actions." (Protocol at § 10(d).) According to Whittemore, the policy adopted by the Protocol to prevent an undue burden "is especially important as applied to Mr. Whittemore who has already been subjected to five days of testimony in four other matters on the same subjects that are at issue in the Underlying Action." (Dkt. 6 at 11.) Moreover, he explains that he was forced to bring his motion to quash because the NCUA's counsel refused to agree to limit the topics of his deposition pursuant to the Protocol.

This Court finds inconsistencies between Whittemore's response to the NCUA's motion and the assertions in his motion to quash. Notably, Whittemore's motion emphasizes that his compliance with the Section 10 of the Protocol renders his deposition unnecessary, while his response to the NCUA's motion maintains that the Protocol is not applicable to him.

While this Court has not been asked to determine whether Whittemore should be subject to all procedures outlined in the Protocol, the issue has arisen and is pertinent to this matter. If the Protocol is applicable to Whittemore, he may be required to comply with the procedure for presenting discovery disputes outlined in Section 2, namely

providing the issuing court with a two-page letter outlining his position. It stands to reason that the court in the best position to decide whether Whittemore is subject to the Protocol is the court that created and enforces the Protocol. Allowing the issuing court to make such a determination avoids inconsistent rulings regarding the applicability of the Protocol to similarly situated individuals.

**Complexity of the Case**

Moreover, the Underlying Action is complex in nature, relating to over a dozen cases across numerous districts. The courts overseeing the Actions agreed that because of the shared common issues, overlapping parties, and common discovery, "pretrial proceedings in all Actions should be coordinated to avoid unnecessary conflicts and expense, conserve judicial resources, and secure the just, speedy, and inexpensive disposition of all Actions." (Protocol at pg. 3.) The courts recognized the complexity of the cases and the need for consistent rulings on discovery issues, resulting in the appointment of a coordinating judge and the creation of the Protocol.

Whittemore has provided numerous deposition transcripts to support his position that his deposition is not needed in the Underlying Action because it would be duplicative. The testimony relates to residential mortgage-backed securities and Whittemore's role as a credit officer for defendant RBS Securities. More specifically, his testimony relates to his role in reviewing sample loan portfolios to ensure compliance with the lenders' underwriting guidelines. A review of all of Whittemore's deposition testimony to determine what topics have been exhausted requires a considerable understanding of the complex issues in the Underlying Action.

Judge Cote has been actively involved in deciding discovery issues over the course of the litigation, including questions involving duplicative deposition testimony. Therefore, he is in the best position to weigh the arguments in favor of quashing the subpoena.[3] *See Wultz v. Bank of China, Ltd.,* MC 13-1282(RBW), 2014 WL 2257296 (D.D.C. May 30, 2014) (finding that the issuing court was in a better position to rule on the motion to quash the subpoena due to the highly complex and intricate nature of the underlying litigation).

Additionally, a ruling by this Court may disrupt Judge Cote's management of the complex lawsuits and risk disrupting related cases in the event similar motions are filed. This court acknowledges that the record does not establish that this specific issue has arisen in other Actions. Nonetheless, given the sheer number of cases and depositions, it is possible that a deponent may seek a similar remedy in his or her personal jurisdiction. This possibility raises the risk of inconsistent rulings. While this Court notes that the risk of future inconsistent rulings may not rise to an exceptional circumstance on its own, the combination of factors favors transfer.

---

[3] Judge Cote has acquiesced to the transfer of the motion, noting that the court stands "ready and willing to accept transfer of the motion." *National Credit Union Administration Board v. RBS Securities, Inc.*, 13 C 6726, at Dkt. 297 (S.D.N.Y. May 20, 2015).

Therefore, this Court finds that transfer is appropriate under Rule 45(f) due to the exceptional circumstances present.


**Date: June 4, 2015**                                                              **/s/ Michael T. Mason**

Case: 1:15-cv-04152 Document #: 22 Filed: 06/04/15 Page 57 of 7 PageID #:164 Case 1:15-83-04152-JBM Document #: 22 Filed: 06/04/15 Page 12 of 12 Page ID #:10987