```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
NATIONAL CREDIT UNION ADMINISTRATION       :
BOARD, etc.,                               :
                         Plaintiff,        :    13cv6705 (DLC)
             -v-                           :    13cv6719 (DLC)
                                           :    13cv6721 (DLC)
MORGAN STANLEY & CO., et al.,              :    13cv6726 (DLC)
                                           :    13cv6727 (DLC)
                         Defendants.       :    13cv6731 (DLC)
                                           :    13cv6736 (DLC)
And other NCUA Actions.                    :
------------------------------------------X


UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
------------------------------------------X
NATIONAL CREDIT UNION ADMINISTRATION       :
BOARD, etc.,                               :
                         Plaintiff,        :    11cv2340 (JWL)
             -v-                           :    11cv2649 (JWL)
                                           :    12cv2591 (JWL)
RBS SECURITIES, INC., f/k/a GREENWICH      :    12cv2631 (JWL)
CAPITAL MARKETS, INC., et al.,             :    12cv2648 (JWL)
                                           :    13cv2418 (JWL)
                         Defendants.       :
                                           :
And other NCUA Actions.                    :
------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/8/15

```
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
-----------------------------------------X
NATIONAL CREDIT UNION ADMINISTRATION      :
BOARD, etc.,                              :
                           Plaintiff,     :
            -v-                           :
                                          :     11cv5887 (GW)
RBS SECURITIES, INC., f/k/a GREENWICH     :     11cv6521 (GW)
CAPITAL MARKETS, INC., et al.,            :
                                          :
                           Defendants.    :     ORDER
                                          :
And other NCUA Actions.                   :
-----------------------------------------X
```

HON. DENISE COTE, HON. JOHN W. LUNGSTRUM, and HON. GEORGE H. WU, District Judges; and HON. JAMES P. O'HARA, Magistrate Judge:

In a June 4, 2015 letter, RBS seeks an order compelling NCUA to produce deposition transcripts and exhibits from a separate lawsuit -- <u>Corporate America Credit Union v. Herbst, et al.</u>, No. 09cv2126 (IPJ) (N.D. Ala.) -- commenced by one of U.S. Central's members (Corporate America Credit Union) against U.S. Central's former officers and directors.  RBS contends that the transcripts should be produced pursuant to § 10(d) of the Master Discovery Protocol ("MDP"), and, independently, as responsive to requests for production, including Joint Request for Production No. 65.  On June 8, NCUA submitted a responsive letter.

Section 10(d) of the MDP provides:

> All parties shall produce the transcripts of testimony and affidavits/affirmations, including all exhibits, from <u>any and all RMBS matters</u>, including all civil, criminal, or regulatory matters, in which it or one of its officers or employees was a party.  The testimony

2

> shall be treated as if taken in the Actions.  The parties shall endeavor to not subject witnesses to the same questioning for which a transcript was previously provided.  Each party shall <u>produce existing transcripts</u> and affidavits/affirmations, including all exhibits, <u>by May 15, 2014</u>, and future transcripts and affidavits/affirmations, including all exhibits, within two weeks after a final transcript of a deposition is available, and two weeks after a witness has signed an affidavit/affirmation.

(Emphasis supplied.)  Thus, the parties were to provide each other by May 15, 2014 with transcripts of testimony from RMBS matters.

Moreover, each party has certified that it substantially completed its document production in these actions as of October 31, 2014, the date by which the MDP required that production.  An Order of November 21 allowed a party to make further targeted document requests if, <u>inter alia</u>, it explained how its request was timely and could not have been made earlier.  Depositions are ongoing and fact discovery is scheduled to close, with discrete exceptions, by July 17, 2015.

The MDP does not define the term "RMBS matter."  But, as evidenced by the terms of the MDP and related Orders, and due to the requests of the parties which informed the issuance of these Orders, there were several interconnected purposes behind the designation of an RMBS matter in § 10(d).  These included the goals of assisting the parties to make informed decisions in selecting deponents, reducing the need to take depositions, and

3

limiting the burden on deponents and the parties. In light of these purposes, an "RMBS matter" must be one where the issues are sufficiently similar to those at issue in our coordinated litigation to justify the production of the transcripts from the matter.

The Corporate America case is not such a matter. It is, at base, a breach of fiduciary duty action in connection with the purchase of paid-in capital shares. Corporate America, No. 09cv2126 (IPJ) (N.D. Ala.), Dkt. No. 1, ¶ 1. The Complaint alleges

> [i]n short, the Officer and Director Defendants breached fiduciary duties to Plaintiff in their investments of funds invested in U.S. Capital, concealed their losses from Plaintiff, obtained a valuation report . . . that grossly overstated U.S. Central's securities, and then forced and misled Plaintiff in purchasing U.S. Central's worthless securities (via an exchange of withdrawable Membership Share Capital . . . for permanent, non-withdrawable Paid-In Capital shares ("PIC II")) by concealing from Plaintiff the full extent of U.S. Central's exposure to subprime mortgage investments and misleading Plaintiff as to the value of the PIC II securities.

Id. ¶ 2. While the accounting treatment for the RMBS securities held by U.S. Capital is at issue, the purchase of those securities by U.S. Capital is only tangentially implicated.

To the extent that the Corporate America transcripts were encompassed by any document request, and it is not clear that they are, RBS's current application is untimely. RBS has shown

4

no cause for the delay in submitting its instant request. Accordingly, it is hereby

ORDERED that RBS's June 4 letter-motion to compel is denied.

Dated: June 8, 2015          /s/ Denise Cote
                             United States District Judge


Dated: June 8, 2015          /s/ George H. Wu
                             United States District Judge


Dated: June 8, 2015          /s/ John W. Lungstrum
                             United States District Judge


Dated: June 8, 2015          /s/ James P. O'Hara
                             United States Magistrate Judge