# EXHIBIT 1

Exhibit 1
Page 2

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

R. Alexander Pilmer
To Call Writer Directly:
(213) 680-8405
alexander.pilmer@kirkland.com

333 South Hope Street
Los Angeles, California  90071

(213) 680-8400

www.kirkland.com

Facsimile:
(213) 680-8500

June 22, 2015

Re:        **Motion Seeking Additional Deposition Time**

*NCUA v. RBS Securities Inc. et al.*, No. 11-2340 (D. Kan.)
*NCUA v. RBS Securities Inc. et al.*, No. 11-5887 (C.D. Cal.)
*NCUA v. Morgan Stanley & Co. et al.*, No. 13-6705 (S.D.N.Y.)

The Honorable Denise L. Cote
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

The Honorable George H. Wu
United States District Court for the
Central District of California
312 North Spring Street
Los Angeles, California 90012-4701

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the
District of Kansas
500 State Avenue, Suite 517
Kansas City, Kansas 66101

Beijing    Chicago    Hong Kong    Houston    London    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.

Exhibit 1
Page 3

# KIRKLAND & ELLIS LLP

Dear Judges Cote, Wu, Lungstrum, and O'Hara:

We write on behalf of all Defendants with certificates pending as to U.S. Central requesting a modest amendment of the Courts' June 10, 2015 Order to permit an additional thirty minutes of deposition time with Connie Loveless, U.S. Central's former Chief Investment Officer, for a total of sixty minutes. In response to the Courts' Order, NCUA produced sixteen pages of emails and attachments.[1] These documents have revealed—contrary to Ms. Loveless's testimony and NCUA's representations to these ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ What these documents cannot reveal, however, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Defendants are concerned that thirty minutes with Ms. Loveless will not be sufficient to examine her about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Accordingly, Defendants seek thirty additional minutes to examine Ms. Loveless on these important topics; NCUA has refused to agree to even one additional minute.[2]

## Background

On May 21, 2015, Ms. Loveless testified twice that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ NCUA's counsel did not permit Defendants to question Ms. Loveless about the ▮▮▮▮▮▮▮▮▮▮▮▮ On the second day of her deposition ("Day 2"), Ms. Loveless testified, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ nce more, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ NCUA's counsel refused to allow Ms. Loveless to discuss ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In its opposition to Defendants' initial motion, NCUA represented that on Day 2, Ms. Loveless "testified accurately that she ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ On June 10, 2015, the Courts' granted Defendants' motion, and ordered the NCUA to produce Ms. Loveless for an additional thirty minutes of deposition time. (ECF No. 326.)[3]

## The NCUA's Production

NCUA produced documents on June 17, 2015 demonstrating that Ms. Loveless's Day 2 testimony and NCUA's representations to these Courts were false. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1]   This letter motion and exhibits have been filed under seal because Ms. Loveless's deposition transcript and certain exhibits have been designated "Confidential" and "Highly Confidential" by NCUA under the Master Protective Order. Defendants do not believe that documents about compensation offered by the government to a key witness for assistance in litigation should be shielded from public view.

[2]   Defendants are scheduled to reexamine Ms. Loveless on June 30 and, accordingly, respectfully request that the Courts resolve this motion before that date.

[3]   All ECF cites are to *NCUA v. Morgan Stanley & Co. et al.*, No. 13-6705 (S.D.N.Y.).

Exhibit 1
Page 4

## KIRKLAND & ELLIS LLP



also belie Ms. Loveless's Day 2 testimony that

**Defendants' Request is Reasonable and Necessary**

If Ms. Loveless's sworn testimony on Day 2 and the NCUA's representation to these Courts that ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ Defendants would have needed to examine Ms. Loveless only about her ⬛⬛⬛⬛⬛⬛ and thirty minutes may have been sufficient. But NCUA's production raises new questions that cannot be addressed in just half an hour. ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛

To limit Defendants to just thirty minutes for examination on these topics would be to reward NCUA for its obstructionist tactics. On each day of Ms. Loveless's deposition, Defendants' attempted to question Ms. Loveless on ⬛⬛⬛⬛⬛⬛⬛⬛⬛ 379:4.) And on each occasion, Ms. Loveless was precluded from testifying by counsel. (*Id.*) Moreover, Ms. Loveless's deposition subpoena commanded that she bring communications with NCUA (Ex. E (Request No. 8)), and after Ms. Loveless ⬛⬛⬛⬛⬛⬛⬛⬛⬛ NCUA refused. If Defendants had these documents before Day 2, ⬛⬛⬛⬛ Defendants would not have required additional time.

Exhibit 1
Page 5

## KIRKLAND & ELLIS LLP

Very truly yours,

*/s/ R. Alexander Pilmer*

R. Alexander Pilmer

Exhibit 1
Page 6

# EXHIBITS A THROUGH D

## RBS HAS CONCURRENTLY-FILED A REQUEST THAT THESE DOCUMENTS BE FILED UNDER SEAL

Exhibit 1
Page 7

# EXHIBIT E

Exhibit 1
Page 8

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, | 11-cv-2340 JWL<br>11-cv-2649 JWL<br>12-cv-2591 JWL<br>12-cv-2648 JWL |
| Plaintiff, | Judge John W. Lungstrum |
| v. | |
| RBS SECURITIES INC. formerly known as Greenwich Capital Markets, Inc., et al., | |
| Defendants. | |

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD,<br>Plaintiff, | 11-cv-6521 |
| v. | Judge George Wu |
| GOLDMAN, SACHS & CO. et al., | |
| Defendants. | |

1

Exhibit 1
Page 9

<u>**NOTICE OF DOCUMENT SUBPOENA TO CONNIE LOVELESS**</u>

**TO CONNIE LOVELESS, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT** pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants, by and through their undersigned counsel, will issue a subpoena compelling Connie Loveless to produce documents on May 14, 2015 by 9:00 a.m.  A true and correct copy of the subpoena to Ms. Loveless is attached hereto as Exhibit 1.

DATED:  April 21, 2015                          Respectfully Submitted,

By: */s/ Jeffery A. Jordan*_____
Jeffery A. Jordan, #12574
jjordan@foulston.com
FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
Telephone:  (316) 267-6371
Facsimile:  (316) 267-6345

R. Alexander Pilmer, CA Bar No. 166196
alexander.pilmer@kirkland.com
David I. Horowitz, CA Bar No. 248414
david.horowitz@kirkland.com
Jay L. Bhimani, CA Bar No. 267689
jay.bhimani@kirkland.com
Kristin E. Rose, CA Bar No. 278284
Email: kristin.rose@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA  90071
Telephone:  (213) 680-8400
Facsimile:  (213) 680-8500
Admitted *Pro Hac Vice*

*Attorneys for Defendants RBS Securities Inc.*
*(f/k/a Greenwich Capital Markets, Inc.),*
*RBS Acceptance Inc. (f/k/a Greenwich*

2

Exhibit 1
Page 10

*Capital Acceptance, Inc.), and Financial
Asset Securities Corp.*

Jay B. Kasner
Scott D. Musoff
Gary J. Hacker
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Four Times Square
New York, NY 10036
Tel:  (212) 735-3000
Fax:  (212) 735-2000
scott.musoff@skadden.com
jay.kasner@skadden.com
gary.hacker@skadden.com

John W. Shaw KS #70091
Thomas P. Schult KS #70463
Jennifer B. Weiland KS #22444
BERKOWITZ OLIVER WILLIAMS
SHAW & EISENBRANDT LLP
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Tel: (816) 561-7007
Fax: (816) 561-1888

*Attorneys for Defendant UBS Securities LLC*

David H. Fry
Hannah E. Shearer
MUNGER TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA  94105
Tel:  (415) 512-4000
Fax:  (415) 512-4077
david.fry@mto.com
hannah.shearer@mto.com

Andrew W. Goldwater
FRIEDMAN KAPLAN SEILER &
ADELMAN LLP
7 Times Square
New York, NY 10036

3

Exhibit 1
Page 11

Tel:  (212) 833-1100
Fax:  (212) 833-1250
agoldwater@fklaw.com

W. Perry Brandt KS # 77842
BRYAN CAVE LLP
One Kansas City Place
1200 Main Street
Kansas City, Missouri 64105
Telephone:  (816) 274-3200
Facsimile:   (816) 374-3200
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone: (314) 259-2000
Facsimile:  (314) 259-2020

*Attorneys for Defendant Wachovia Capital Markets, LLC, n.k.a Wells Fargo Securities, LLC*

Richard W. Clary
Julie A. North
Richard J. Stark
Michael T. Reynolds
Lauren A. Moskowitz
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Tel:  (212) 474-1000
Fax:  (212) 474-3700
rclary@cravath.com
jnorth@cravath.com
rstark@cravath.com
mreynolds@cravath.com
lmoskowitz@cravath.com

Toby Crouse (Kan. #20030)
James D. Oliver (Kan. # 08604)
FOULSTON SIEFKIN LLP
32 Corporate Woods, Suite 600
9225 Indian Creek Pkwy.
Overland Park, KS 66210-2000
Phone:  (913) 498-2100

4

Exhibit 1
Page 12

Fax:  (913) 498-2101
Email: tcrouse@foulston.com

*Attorneys for Defendants Credit Suisse*
*Securities (USA) LLC and Credit Suisse*
*First Boston Mortgage Securities Corp.*


Richard H. Klapper
Stephanie G. Wheeler
Peter A. Steciuk
Mark S. Geiger
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Tel: (212) 558-4000
Fax: (212) 558-3588
klapperr@sullcrom.com
wheelers@sullcrom.com
steciukp@sullcrom.com
geigerm@sullcrom.com

Brendan P. Cullen (CA Bar No. 194057)
cullenb@sullcrom.com
Laura Kabler Oswell (CA Bar No. 241281)
oswelll@sullcrom.com
Nathaniel L. Green (CA Bar No. 260568)
greenn@sullcrom.com
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California 94303-3308
Telephone: (650) 461-5600
Facsimile: (650) 461-5700

*Attorneys for Defendants Goldman, Sachs &*
*Co. and GS Mortgage Securities Corp.*

5

Exhibit 1
Page 13

# EXHIBIT 1

Exhibit 1
Page 14

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Kansas

| | |
|---|---|
| National Credit Union Administration Board | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   11-cv-2340 et al. |
| RBS Securities Inc., formerly known as Greenwich Capital Markets, Inc., et al., | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Connie Loveless, c/o Korein Tillery
         505 North 7th Street, Suite 3600, St. Louis, MO 63101

*(Name of person to whom this subpoena is directed)*

     ☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Foulston Siefkin LLP<br>32 Corporate Woods, Suite 600, 9225 Indian Creek Parkway, Overland Park, Kansas 66210 | Date and Time:<br><br>05/14/2015 9:00 am |
|---|---|

     ❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/21/2015

*CLERK OF COURT*

                                   OR

_____      _____
     *Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   RBS Securities Inc. formerly known as Greenwich Capital Markets, Inc., et al., _____ , who issues or requests this subpoena, are:

Kristin E. Rose, Kirkland & Ellis LLP, 333 S. Hope St., LA, CA 90071; kristin.rose@kirkland.com; Tel.: (213) 680-8400

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit 1<br>Page 15

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   11-cv-2340 et al.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Exhibit 1
Page 16

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit 1
Page 17

## ATTACHMENT A TO SUBPOENA

### REQUESTS

1.      All documents concerning your tenure as an employee of U.S. Central Federal Credit Union, including but not limited to documents concerning your performance as an employee of U.S. Central Federal Credit Union.

2.      Your résumé or curriculum vitae sufficient to show the positions you have held from January 1, 2000 to the present.

3.      All documents concerning your qualifications relating to analyzing, evaluating, or conducting diligence on Residential Mortgage-Related Securities, or investments other than Residential Mortgage-Related Securities.

4.      All documents concerning reports, recommendations, analyses, disclosures, or memoranda that you authored, reviewed, or considered concerning U.S. Central Federal Credit Union's investments in Residential Mortgage-Related Securities, the Trusts, or the Certificates, including but not limited to any such documents that you provided to or received from U.S. Central Federal Credit Union.

5.      All documents evidencing or concerning policies, procedures, practices, standards, or guidelines that you were required to follow, or that were provided to you by U.S. Central Federal Credit Union, concerning U.S. Central Federal Credit Union's investment in the Trusts, the Certificates, or any other Residential Mortgage-Related Security.

6.      All documents evidencing or concerning U.S. Central Federal Credit Union's investment strategy as it pertained to Residential Mortgage-Related Securities, the Trusts, or the Certificates, including all documents concerning your review, evaluation, or analysis of such strategy.

Exhibit 1
Page 18

7.      All documents and communications with any person concerning the Actions or the Complaints, including the misrepresentations alleged in the Complaints.

8.      All of your communications with employees, advisors, representatives, consultants, or agents of U.S. Central Federal Credit Union, and all documents provided to or received from U.S. Central Federal Credit Union.

9.      All documents evidencing or concerning any board meeting or committee meeting of U.S. Central Federal Credit Union relating to the Trusts, the Certificates, or Residential Mortgage-Related Securities.

10.     All documents evidencing or concerning your communications with Defendants.

11.     To the extent not encompassed by the above requests, all documents and communications concerning each of the Trusts and each of the Certificates, including but not limited to documents concerning:

(a)     the loan-to-value ratio, combined loan-to-value ratio, appraised value, or owner-occupancy status of the mortgages deposited into the Trusts;

(b)     the credit rating of each Certificate, including your communications with rating agencies such as Moody's, Fitch, or S&P;

(c)     the originators that originated the loans deposited into the trusts, and the underwriting guidelines they utilized;

(d)     the performance of or developments relating to each Certificate over time, including credit rating downgrades, delinquencies, and defaults;

(e)     the impairment or write-down of any of the Certificates for accounting or other purposes; or

2

Exhibit 1
Page 19

(f)      your review or analysis of prospectuses, prospectus supplements, term sheets, or other offering materials relating to the Certificates or Trusts.

## DEFINITIONS AND INSTRUCTIONS

1.      The term "Actions" refers to the lawsuits docketed under the captions: *National Credit Union Administration Board v. RBS Securities Inc.*, No. 11-cv-2340-JWL-JPO (D. Kan.); *National Credit Union Administration Board v. Wachovia Capital Markets, LLC*, No. 11-cv-2649-JWL-JPO (D. Kan.); *National Credit Union Administration Board v. UBS Securities LLC* , No. 12-cv-2591-JWL-JPO (D. Kan.); and *National Credit Union Administration Board v. Credit Suisse Sec. (USA) LLC*, No. 12-cv-2648-JWL-JPO (D. Kan.), in the United States District Court for the District of Kansas, and *National Credit Union Administration Board v. Goldman, Sachs & Co.*, No. 11-cv-6521 (C.D. Cal.) in the United States District Court for the Central District of California.

2.      The term "Complaints" refers to the operative complaints in the Actions, which are attached hereto as Exhibits A-E.

3.      The terms "you" and "your" mean Connie Loveless, or any other persons acting or purporting to act on behalf of Connie Loveless, or any agent, employee, successor, predecessor, investigator, attorney, accountant, agent, representative or other person acting or purporting to act on your behalf.

4.      The term "communication" means any transmittal of information (in the form of facts, ideas, inquiries, photographs, drawings or otherwise), and a document request for "communications" includes correspondence, telexes, facsimile transmissions, telescopies, e-mail, all attachments and enclosures thereto, recordings in any medium of oral communications,

Exhibit 1
Page 20

telephone logs, message logs, and notes and memoranda concerning written or oral communications, and any translations thereof.

5.      The term "document" has the widest meaning accorded to it under Rule 34(a) of the Federal Rules of Civil Procedure and shall include, without limitation, all communications and all paper, film, tape or other material upon which any verbal, graphic, or pictorial information or image is written, printed, typed, drawn, punched, produced, or reproduced in any fashion including, but not limited to, all correspondence, memoranda, interoffice and intra-office communications, notes, agreements, contracts, charts, quotations, accounting records, audit workpapers, work sheets, cost sheets, ledgers, price quotations, proposals, bids, receipts, manuals, lists, tables, financial analyses, spreadsheets, diagrams, leases, sales records, requisitions, vouchers, envelopes, acknowledgements, purchase orders, invoices, canceled and uncanceled checks or drafts, studies, records, reports, minutes, photographs, drawings, sketches, brochures, schedules, calendars, diaries, video or audio tape recordings, voicemail messages, photocopies and computer-sorted or computer retrievable information, computer print-outs, discs, tapes, e-mail and programs or other data compilations from which information can be obtained or translated into useable form.  The definition encompasses not only the original version but also any copy containing or having attached thereto any alterations, notes, comments, or other material not appearing on the original, and shall also include drafts, revisions or drafts and other preliminary or preparatory material, from whatever source, underlying, supporting, or used in the preparation of any document.  A draft or non-identical copy is a separate document within the meaning of this term.  "Document" also includes any removable "post-it" notes or other attachments or exhibits to any of the foregoing.

Exhibit 1
Page 21

6.      The term "person" means any natural person or any business, legal, governmental, or non-governmental entity, association, or organization.

7.      The terms "Residential Mortgage-Related Security" or "Residential Mortgage-Related Securities" refer to securities, options, credit default swaps, or other derivatives that are backed by, or reference mortgage loans or securities backed by, mortgage-backed securities.

8.      The term "U.S. Central Federal Credit Union" refers to U.S. Central Federal Credit Union, or any other persons acting or purporting to act on behalf of U.S. Central Federal Credit Union, or any subsidiary, parent or affiliated corporation, present or former officer, director, agent, employee, successor, predecessor, investigator, attorney, accountant, agent, representative or other person acting or purporting to act on its behalf.

9.      The term "Trusts" refers to, individually and collectively, the trusts referenced in the Complaints and that are currently at issue.

10.      The term "Certificates" refers to, individually and collectively, the certificates referenced in the Complaints and that are currently at issue.

11.      Whenever necessary to bring within the scope of any document request documents that might otherwise be construed to be outside the scope:  (a) the use of any verb in any tense shall be construed as the use of that verb in all other tenses; and (b) the use of a word in its singular form shall be deemed to include within its use the plural form and vice versa.

12.      The use of any definition for the purposes of these requests shall not be deemed to constitute an agreement or acknowledgement on the part of Defendants that such definition is accurate, meaningful, or appropriate for any other purpose in this Action.

**INSTRUCTIONS**

Exhibit 1
Page 22

1.      Unless otherwise indicated, these requests seek documents from the time period between January 1, 2004 and the present.

2.      Each document request shall be construed independently and not with reference to any other document request for the purpose of limitation or exclusion.

3.      These document requests call for the production of responsive documents in your possession, custody or control, including but not limited to any of your respective employees, agents, attorneys, or other persons acting or purporting to act on your behalf.

4.      If a responsive document is no longer in your possession, custody or control, state:  its date, author(s), recipient(s), subject matter, when the document was most recently in your possession, custody or control, and the person, organization or entity presently in possession, custody or control of such document.  If a responsive document has been destroyed, identify the date of destruction, the persons who destroyed the document, the person who directed that the document be destroyed and the reason for its destruction.

5.      Each requested document shall be produced in its entirety, without abbreviation or redaction, including all attachments, appendices, exhibits, lists, schedules, or other matters at any time affixed thereto.  If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

6.      To the extent that a document requested by these requests is responsive to more than one specific request, you need produce the document only once.

7.      Each responsive document shall be produced as it is kept in the usual course of business, or as otherwise agreed upon by the parties or specified by the Court.

Exhibit 1
Page 23

8.      If you object to any document request, please state with specificity the grounds for such objection and the request or requests to which each objection applies.  Any request to which an objection is made should be responded to insofar as it is not objectionable.

9.      If you believe that any document request, definition or instruction is ambiguous, in whole or in part, you must nonetheless respond and (i) set forth the matter deemed ambiguous and (ii) describe the manner in which you construed the request in order to frame your response.

10.     With respect to each responsive document called for by these document requests and withheld under a claim of privilege or otherwise, state separately for each document withheld:

a.      The nature of the privilege or immunity that is being claimed;

b.      The type of document;

c.      The general subject matter of the document;

d.      The date of the document;

e.      The custodian from whose possession the document is being produced;

f.      The author(s) of the document;

g.      The addressee(s) and recipient(s) of the document; and

h.      Where not apparent, the relationship of the author(s), addressee(s) and recipient(s) to each other.

11.     If there are no documents responsive to any of the following document requests, please provide a written response so stating.

7

Exhibit 1
Page 24

# EXHIBIT F

RBS HAS CONCURRENTLY-FILED A REQUEST THAT THIS DOCUMENT BE FILED UNDER SEAL

Exhibit 1
Page 25