# KOREIN TILLERY

*Attorneys at Law*

One U.S. Bank Plaza
505 North 7th Street, Suite 3600
St. Louis, MO  63101-1625

www.KoreinTillery.com

Stephen M. Tillery
STillery@KoreinTillery.com
p:  (314) 241-4844
f:  (314) 241-3525

June 23, 2015

**Via ECF (S.D.N.Y. and C.D. Cal.) and Email (D. Kan.)**

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the District of Kansas
500 State Avenue, Suite 517
Kansas City, KS 66101

The Honorable George H. Wu
United States District Court for the Central District of California
312 North Spring Street
Los Angeles, CA 90012-4701

Re:   *NCUA v. Morgan Stanley & Co.,* No. 13-6705 (S.D.N.Y) (Lead Case)
      *NCUA v. Morgan Stanley & Co.,* No. 13-2418 (D. Kan.)
      *NCUA v. RBS Securities, Inc.*, No. 13-6726 (S.D.N.Y.)
      *NCUA v. RBS Securities, Inc.,* No. 11-5887 (C.D. Cal.)
      *NCUA v. RBS Securities, Inc.*, No. 11-2340 (D. Kan.)
      *NCUA v. Goldman, Sachs & Co. et al.*, No. 11-6521 (C.D. Cal.)
      *NCUA v. Goldman, Sachs & Co. et al.*, No. 13-6721 (S.D.N.Y.)
      *NCUA v. Wachovia Capital Markets, LLC et al.*, No. 11-2649 (D. Kan.)
      *NCUA v. Wachovia Capital Markets, LLC et al.*, No. 13-6719 (S.D.N.Y.)

Case 2:11-cv-05887-GW-JEM   Document 499-1   Filed 06/23/15   Page 2 of 4   Page ID
#:11358

Dear Judges Cote, Lungstrum, Wu, and O'Hara:

We write on behalf of NCUA, as liquidating agent, to oppose RBS's June 18, 2015 request on behalf of several Defendants to modify existing deadlines in the Master Discovery Protocol ("MDP"). *See* ECF No. 338.[1] Defendants style this request a "joinder" to the scheduling proposals submitted in certain actions where new certificates have been reinstated and, as a consequence, the existing MDP schedule must be modified to accommodate the supplemental discovery necessary for those reinstated certificates. But no new certificates have been added to NCUA's actions against these Defendants, and no additional discovery or expert analyses are needed. Defendants thus cannot show "good cause" to alter the existing MDP deadlines that were established more than a year ago to govern the pre-existing certificates. *See* ECF No. 101 at § 1. Granting Defendants' request would only cause unnecessary and inefficient delays, contrary to the MDP's goal of "secur[ing] a just, speedy, and inexpensive disposition of all Actions." *Id.* at 3.

**1.** Under the MDP—which has been in place since April 2014—fact discovery closes on July 17 and affirmative expert reports are due on August 14. *Id.* at §§ 11, 12. On April 29, 2015, the Tenth Circuit issued its mandate reinstating 12 certificates in the *Barclays* Kansas case. On May 21, 2015, NCUA and Barclays submitted a Stipulation and Proposed Order for a modified MDP schedule in NCUA's actions against Barclays, which the Courts adopted and entered on May 22, 2015.

On May 27, 2015, based on the Tenth Circuit's decision, Judge Lungstrum reinstated a number of previously dismissed certificates in NCUA's Kansas actions against the UBS and Credit Suisse Defendants ("*UBS* and *CS* Kansas"). These reinstated certificates will likewise require limited supplemental discovery and expert analyses not contemplated by the existing MDP schedule. Accordingly, on June 17, 2015, the parties to those cases (NCUA, UBS, and Credit Suisse) submitted their competing proposals on how the existing schedule under the MDP should be changed to accommodate the recently reinstated certificates. *See* ECF Nos. 332, 333.

Even though no new certificates have been added to their cases, the remaining Defendants ask the Courts to delay *all* of these consolidated actions to match the schedules proposed for *UBS* and *CS* Kansas. Alternatively, the RBS, Nomura, NovaStar, and Wachovia Defendants ask the Courts to delay their California and Kansas actions to match the schedules in *UBS* and *CS* Kansas.

**2.** Defendants' requests lack good cause and will simply create unnecessary delay. No new certificates have been reinstated in any of NCUA's actions against these Defendants, meaning there is no need to conduct any additional discovery or expert analyses. The Defendants do not argue that they will participate in, or in any way be impacted by, the limited supplemental discovery in *UBS* and *CS* Kansas for the reinstated certificates.

Defendants cite (at 1) two offerings in *UBS* and *CS* Kansas to justify their requested delay: NAAC 2006-AR4 and SAST 2006-3. A certificate from NAAC 2006-AR4 is also at issue in *RBS* California—but no certificates from NAAC 2006-AR4 have been recently reinstated, and so there is no need for additional discovery concerning that offering. As for the SAST 2006-3 offering, a

---

[1] All CM/ECF references are to the lead SDNY case of *NCUA v. Morgan Stanley & Co.,* No. 13-cv-6705.

1

certificate was reinstated in *CS* Kansas, but there is still no need for supplemental discovery *from NCUA* regarding that offering because SAST 2006-3 has always been at issue in *RBS* Kansas. Accordingly, NCUA has already searched for and produced to all Defendants the discovery related to that offering. Any additional discovery concerning SAST 2006-3 in *CS* Kansas will be limited to document and deposition discovery *from Credit Suisse*. RBS—the only Defendant affected by the purported overlap—does not (and cannot credibly) suggest that it plans to take any discovery from Credit Suisse concerning the SAST 2006-3 offering during its proposed period of delay. And the other Defendants, which do not point to any overlap involving any reinstated certificate, have done even less to show cause for moving back their deadlines.

There is similarly no reason to delay expert disclosures in the actions where no certificates have been reinstated. Defendants concede (at n.2) that "there is no reason for any extension of the deadlines under the Loan File Reunderwriting Protocol." Defendants vaguely assert (at 3) that they *may* "choose to submit joint expert reports on issues common across the cases," but offer no explanation for how they would "be effectively precluded from doing so" by later expert disclosure deadlines in *UBS* and *CS* Kansas. In all events, Defendants point to no inefficiency that warrants relief from the MDP: Defendants are free to disclose joint expert reports under the current MDP schedule, which UBS and Credit Suisse (and Barclays) may choose to join at a later date when they make their expert disclosures in Kansas.

Defendants—all of which vigorously opposed coordination before the Courts, and one of which filed petitions for writs of mandamus to prevent coordination—now assert (at 2) that the "coordination goals" of the MDP "would be frustrated in the absence of continued coordinated schedules." NCUA continues to believe that coordination is appropriate where it creates efficiencies, and that the MDP has created great efficiencies in the overall management of these coordinated actions. But substantial delay for the sake of a purely formal coordination of deadlines—with no new efficiencies to be gained—is inconsistent with the MDP's purpose of "promot[ing] the efficient management of the Actions," as well as "secur[ing] the just, speedy, and inexpensive disposition of all Actions." ECF No. 101 at 3. In sum, while a modification of the MDP schedule is appropriate for NCUA's Kansas actions against the three Defendant Groups for which new certificates have been recently reinstated, the existing MDP schedule is appropriate for NCUA's actions against the six Defendant Groups for which nothing has changed.

Respectfully submitted,

/s/ Stephen M. Tillery

David C. Frederick
Wan J. Kim
Gregory G. Rapawy
Andrew C. Shen
KELLOGG, HUBER, HANSEN, TODD,
 EVANS & FIGEL, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
dfrederick@khhte.com
wkim@khhte.com
grapawy@khhte.com
ashen@khhte.com

George A. Zelcs
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel: (312) 641-9750
Fax: (312) 641-9751
gzelcs@koreintillery.com

Stephen M. Tillery
Robert L. King
Michael E. Klenov
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Tel: (314) 241-4844
Fax: (314) 241-3525
stillery@koreintillery.com
rking@koreintillery.com
mklenov@koreintillery.com

David H. Wollmuth
Frederick R. Kessler
Steven S. Fitzgerald
Ryan A. Kane
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue, 12th Floor
New York, NY 10110
Tel: (212) 382-3300
Fax: (212) 382-0050
dwollmuth@wmd-law.com
fkessler@wmd-law.com
sfitzgerald@wmd-law.com
rkane@wmd-law.com

Norman E. Siegel (D. Kan. # 70354)
Rachel E. Schwartz (Kan. # 21782)
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
Fax: (816) 714-7101
siegel@stuevesiegel.com
schwartz@stuevesiegel.com

Marc M. Seltzer (54534)
Bryan Caforio (261265)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Fax: (310) 789-3150
mseltzer@susmangodfrey.com
bcaforio@susmangodfrey.com

*Attorneys for Plaintiff National Credit Union Administration Board*

3