353 NORTH CLARK STREET CHICAGO ILLINOIS 60654-3456

**JENNER&BLOCK** LLP

July 7, 2015

Barbara S. Steiner
Tel 312 923-2611
Fax 312 840-7611
bsteiner@jenner.com

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the District of Kansas
500 State Avenue, Suite 517
Kansas City, KS 66101

The Honorable George H. Wu
United States District Court for the Central District of California
312 North Spring Street
Los Angeles, CA 90012-4701

**Re:** *NCUA v. RBS Securities Inc.*, **No. 11-cv-2340 (D. Kan.)**
*NCUA v. RBS Securities Inc. et al.*, **No. 11-5887 (C.D. Cal.)**
*NCUA v. Morgan Stanley & Co. et al.*, **No. 13-6705 (S.D.N.Y.)**

Dear Judges Cote, Wu, Lungstrum, and O'Hara:

Pursuant to the Master Discovery Protocol, I write on behalf of defendants Nomura Home Equity Loan, Inc. and Nomura Asset Acceptance Corp. (together, "Nomura") to request the Courts' assistance with resolving a scheduling issue concerning a third party witness, CoreLogic, Inc. ("CoreLogic").

Overview of Discovery Sought from CoreLogic

On June 17, 2015, Nomura issued two subpoenas to CoreLogic for the production of documents (on July 6, 2015) and to testify at a deposition (on July 10, 2015), respectively. The subject matter of those subpoenas is limited to the "HistoryPro" product and service that CoreLogic provided to Nomura in 2006 and 2007. HistoryPro is intended to accurately grade collateral risk by analyzing factors that are predictive of the types of fraud that contribute to early payment default and loan loss. Accordingly, HistoryPro's design, principles, and technology — including the operation, features, and reliability of HistoryPro — are important to Nomura's defenses here because, as the Courts are aware, plaintiff National Credit Union Administration ("NCUA") is alleging that Nomura failed to conduct proper valuation diligence on loans.

Case 2:11-cv-05887-GW-JEM Document 512-60 Filed 07/07/15 Page 2 of 2 Page ID #:12132
Case 1:11-cv-06201-DLC Document 1236 Filed 07/07/15 Page 2 of 2

July 7, 2015
Page 2

CoreLogic's Objections and Subsequent Communications Between Nomura and CoreLogic

Nomura received CoreLogic's written objections to the subpoenas by mail on July 1, 2015. CoreLogic set forth several objections to each proposed topic of deposition testimony, as well as to the document request propounded by Nomura.

The next day, July 2, 2015, Nomura discussed the subpoenas with counsel for CoreLogic during several telephone conversations. CoreLogic's counsel indicated that it would be willing to cooperate with Nomura to produce responsive documents (subject to trade secret concerns) and identify the appropriate corporate representative to testify at a deposition. Due to vacation plans and the July 4th weekend, however, CoreLogic is unlikely to be able to do so within the next two weeks.

Request re Permission for CoreLogic to Produce Documents and Testify at Deposition by July 31, 2015

Nomura is amenable to working with CoreLogic to accommodate the schedule of its personnel and counsel. Of course, at the same time we are mindful of the July 17, 2015 deadline for the close of fact discovery. On July 2, 2015, Nomura asked NCUA whether it would agree to CoreLogic producing documents and having a corporate representative testify at a deposition within two weeks after the discovery cutoff (i.e., by July 31, 2015). NCUA declined today, but stated that it does not plan to file any kind of response to this letter.

Against this backdrop, Nomura respectfully requests that the Courts enter an order permitting CoreLogic to produce documents and testify at a deposition by July 31, 2015. We believe that this is a reasonable accommodation for a third party witness, and it will not prejudice NCUA's preparation of its case.

If the Courts are not inclined to allow CoreLogic to provide evidence beyond the July 17, 2015 deadline, Nomura respectfully requests in the alternative that the Courts enter an order compelling CoreLogic to produce documents and testify at a deposition on or before July 17, 2015.

We look forward to any questions from the Courts. Thank you for your time and consideration.

Very truly yours,

/s/ Barbara S. Steiner

Barbara S. Steiner
Attorney for Nomura Home Equity Loan, Inc. and Nomura Asset Acceptance Corp.

cc: Counsel of Record (via ECF)