JENNER&BLOCK

Jenner & Block LLP
633 West 5th Street
Suite 3600
Los Angeles, CA 90071
Tel 213-239-5100
www.jenner.com

Chicago
Los Angeles
New York
Washington, DC

July 7, 2015

Christopher C. Chiou
Tel 213 239-5168
Fax 213 239-5178
cchiou@jenner.com

**VIA OVERNIGHT DELIVERY**

Heather N. Herd, Esq.
Rutan & Tucker LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-1931

Re: *NCUA v. RBS Securities Inc.*, No. 11-cv-2340 (D. Kan.)
*NCUA v. RBS Securities Inc. et al.*, No. 11-5887 (C.D. Cal.)
*NCUA v. Morgan Stanley & Co. et al.*, No. 13-6705 (S.D.N.Y.)

Dear Heather:

Enclosed is the letter that Nomura has filed with Judges Cote, Wu, Lungstrum, and O'Hara in the coordinated matters above. I hope that you and your family had a good holiday weekend, and I look forward to catching up with you and Michael when he returns this week.

Sincerely,

Christopher C. Chiou

Enclosure

353 NORTH CLARK STREET CHICAGO ILLINOIS 60654-3456

JENNER & BLOCK LLP

July 7, 2015

Barbara S. Steiner
Tel 312 923-2611
Fax 312 840-7611
bsteiner@jenner.com

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the District of Kansas
500 State Avenue, Suite 517
Kansas City, KS 66101

The Honorable George H. Wu
United States District Court for the Central District of California
312 North Spring Street
Los Angeles, CA 90012-4701

**Re:** ***NCUA v. RBS Securities Inc.*, No. 11-cv-2340 (D. Kan.)**
***NCUA v. RBS Securities Inc. et al.*, No. 11-5887 (C.D. Cal.)**
***NCUA v. Morgan Stanley & Co. et al.*, No. 13-6705 (S.D.N.Y.)**

Dear Judges Cote, Wu, Lungstrum, and O'Hara:

Pursuant to the Master Discovery Protocol, I write on behalf of defendants Nomura Home Equity Loan, Inc. and Nomura Asset Acceptance Corp. (together, "Nomura") to request the Courts' assistance with resolving a scheduling issue concerning a third party witness, CoreLogic, Inc. ("CoreLogic").

Overview of Discovery Sought from CoreLogic

On June 17, 2015, Nomura issued two subpoenas to CoreLogic for the production of documents (on July 6, 2015) and to testify at a deposition (on July 10, 2015), respectively. The subject matter of those subpoenas is limited to the "HistoryPro" product and service that CoreLogic provided to Nomura in 2006 and 2007. HistoryPro is intended to accurately grade collateral risk by analyzing factors that are predictive of the types of fraud that contribute to early payment default and loan loss. Accordingly, HistoryPro's design, principles, and technology — including the operation, features, and reliability of HistoryPro — are important to Nomura's defenses here because, as the Courts are aware, plaintiff National Credit Union Administration ("NCUA") is alleging that Nomura failed to conduct proper valuation diligence on loans.

<u>CoreLogic's Objections and Subsequent Communications Between Nomura and CoreLogic</u>

Nomura received CoreLogic's written objections to the subpoenas by mail on July 1, 2015 CoreLogic set forth several objections to each proposed topic of deposition testimony, as well as to the document request propounded by Nomura

The next day, July 2, 2015, Nomura discussed the subpoenas with counsel for CoreLogic during several telephone conversations CoreLogic's counsel indicated that it would be willing to cooperate with Nomura to produce responsive documents (subject to trade secret concerns) and identify the appropriate corporate representative to testify at a deposition Due to vacation plans and the July 4th weekend, however, CoreLogic is unlikely to be able to do so within the next two weeks

<u>Request re Permission for CoreLogic to Produce Documents and Testify at Deposition by July 31, 2015</u>

Nomura is amenable to working with CoreLogic to accommodate the schedule of its personnel and counsel Of course, at the same time we are mindful of the July 17, 2015 deadline for the close of fact discovery On July 2, 2015, Nomura asked NCUA whether it would agree to CoreLogic producing documents and having a corporate representative testify at a deposition within two weeks after the discovery cutoff (i e , by July 31, 2015) NCUA declined today, but stated that it does not plan to file any kind of response to this letter

Against this backdrop, Nomura respectfully requests that the Courts enter an order permitting CoreLogic to produce documents and testify at a deposition by July 31, 2015 We believe that this is a reasonable accommodation for a third party witness, and it will not prejudice NCUA's preparation of its case

If the Courts are not inclined to allow CoreLogic to provide evidence beyond the July 17, 2015 deadline, Nomura respectfully requests in the alternative that the Courts enter an order compelling CoreLogic to produce documents and testify at a deposition on or before July 17, 2015

We look forward to any questions from the Courts Thank you for your time and consideration

Very truly yours,

/s/ Barbara S Steiner

Barbara S Steiner
Attorney for Nomura Home Equity Loan, Inc and Nomura Asset Acceptance Corp

cc Counsel of Record (via ECF)

**PROOF OF SERVICE**

I am a citizen of the United States and resident of the State of California. I am employed in Los Angeles, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years and not a party to the within action.

On July 7, 2015, I served the following document in the manner described below:

**JULY 7, 2015 LETTER FROM NOMURA HOME EQUITY LOAN, INC. AND NOMURA ASSET ACCEPTANCE CORP. TO JUDGES COTE, WU, LUNGSTRUM, AND O'HARA**

X (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Jenner & Block LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

☐ (BY U.S. MAIL) I am personally and readily familiar with the business practice of Jenner & Block LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be sent by mail through the United States Postal Service at Los Angeles, California.

☐ BY ELECTRONIC SERVICE: By electronically mailing a true and correct copy through Jenner & Block LLP's electronic mail system to the email addresses set forth below.

On the following counsel for CoreLogic, Inc.:

Heather N. Herd, Esq.
Rutan & Tucker LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-1931

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 17, 2015, at 633 West 5th Street, Suite 3600, Los Angeles, CA 90071:

*/s/ Christopher C. Chiou*
Christopher Chiou