353 NORTH CLARK STREET CHICAGO ILLINOIS 60654-3456

**JENNER&BLOCK** LLP

July 9, 2015

Barbara S. Steiner
Tel  312 923-2611
Fax 312 840-7611
bsteiner@jenner.com

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the District of Kansas
500 State Avenue, Suite 517
Kansas City, KS 66101

The Honorable George H. Wu
United States District Court for the Central District of California
312 North Spring Street
Los Angeles, CA 90012-4701

**Re:** *NCUA v. RBS Securities Inc.*, **No. 11-cv-2340 (D. Kan.)**
*NCUA v. RBS Securities Inc. et al.*, **No. 11-5887 (C.D. Cal.)**
*NCUA v. Morgan Stanley & Co. et al.*, **No. 13-6705 (S.D.N.Y.)**

Dear Judges Cote, Wu, Lungstrum, and O'Hara:

I write on behalf of defendants Nomura Home Equity Loan, Inc. and Nomura Asset Acceptance Corp. (together, "Nomura") to follow up on the Courts' July 8, 2015 Order (Dkt. No. 196).  The final paragraph of the Order stated:  "in the event CoreLogic contends that it is unable to comply by July 17 or otherwise objects to the subpoenas, it shall submit to our Courts a response, not to exceed 2 pages, to Nomura's July 7 letter by 5:00 p.m. EDT on July 9."

At about 4:51pm EDT today, Nomura received a copy of a letter from CoreLogic's counsel, addressed to "Judges Cote, Lungstrum, O'Hara, and Wu."  CoreLogic's letter is attached hereto as Exhibit A.

Very truly yours,

/s/ Barbara S. Steiner

Barbara S. Steiner
Attorney for Nomura Home Equity Loan, Inc. and Nomura Asset Acceptance Corp.

cc: Counsel of Record (via ECF)

**RUTAN**
RUTAN & TUCKER, LLP

Heather N. Herd
Direct Dial: (714) 641-3465
E-mail: hherd@rutan.com

July 9, 2015

The Honorable Denise L. Cote
United States District Court for the Southern District
of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable George H. Wu
United States District Court for the Central
District of California
312 North Spring Street
Los Angeles, CA 90012-4701

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the District of Kansas
500 State Avenue, Suite 517
Kansas City, KS 66101

Re: NCUA v. RBS Securities Inc., No. 11-cv-2340 (D. Kan.)
NCUA v. RBS Securities Inc. et al., No. 11-5887 (C.D. Cal.)
NCUA v. Morgan Stanley & Co. et al., No. 13-6705 (S.D.N.Y.)

Dear Judges Cote, Lungstrum, O'Hara, and Wu:

My office represents non-party CoreLogic, Inc. ("CoreLogic"). On June 17, 2015, Nomura Home Equity Loan, Inc. and Nomura Asset Acceptance Corp. (collectively, "Nomura") served two subpoenas – a "Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action" (the "Document Subpoena") and a "Subpoena to Testify at a Deposition in a Civil Action" (the "Deposition Subpoena") – on CoreLogic. First, Nomura's July 8 letter to this Court, inasmuch as it requests an order that CoreLogic comply by July 17, is an un-noticed, improper motion to compel a third party to comply with discovery. CoreLogic should not be forced to comply with Nomura's unreasonable requests under these circumstances.

Moreover, each of the subpoenas is materially deficient in that the Document Subpoena contains no document requests and the Deposition Subpoena contains no deposition topics. Instead, the Document Subpoena contains deposition topics and the Deposition Subpoena contains document requests. Even aside from these deficiencies, the subpoenas are objectionable on numerous other grounds. For example, the document requests (found in the Deposition Subpoena) seek CoreLogic's confidential and proprietary trade secrets and contemplate an extensive search of CoreLogic's files, production of a significant number of documents and attendance by a CoreLogic employee at deposition on exceedingly short notice. As such, CoreLogic served objections to the subpoenas – specifying these and other issues – on July 1, 2015.

611 Anton Blvd, Suite 1400, Costa Mesa, CA 92626
PO Box 1950, Costa Mesa, CA 92628-1950 | 714.641.5100 | Fax 714.546.9035
Orange County | Palo Alto | www.rutan.com

2314/026947-0080
8626936.2 a07/09/15

Case 2:11-cv-06201-DMC Document 1367 Filed 07/09/15 Page 2 of 2 Page ID #:12246



The Honorable Denise L. Cote
The Honorable John W. Lungstrum
The Honorable George H. Wu
July 9, 2015
Page 2

      Nomura counsel Christopher Chiou contacted my office on July 2, notifying us for the first time that the discovery cut off was only two weeks away. Notwithstanding the fatal flaws described above, and in the spirit of cooperation, CoreLogic agreed to meet and confer regarding responding to the subpoenas. CoreLogic counsel Michael Adams explained to Mr. Chiou that CoreLogic would require additional information in order to search for the reports Nomura requested, and that once that information was provided, CoreLogic would endeavor to produce the requested documents – subject to the previously stated objections – by July 17. However, we could not guarantee that the search and production could be completed in that time. Mr. Adams also explained it would be nearly impossible to identify a deponent and schedule a deposition within this time, due to the varying work and personal schedules of counsel and CoreLogic employees. CoreLogic awaited Nomura's response to the request for additional information that would allow it to search for the information requested. On July 6, 2015, Mr. Chiou informed me that Nomura would not be seeking the reports that required this additional information, but would rather focus on a different set of items outlined in the document requests attached to the Deposition Subpoena. On July 8, I requested that Mr. Chiou provide a more clear explanation as to the documents on which it now focuses its requests. Mr. Chiou provided an explanation, which I relayed to CoreLogic.

      CoreLogic cannot guarantee that the documents Nomura is now seeking will be located and ready for production by July 17. CoreLogic has identified a small number of responsive documents and those will be produced by July 17. However, in order to locate the balance of the requested documents, CoreLogic must search its extensive database using key words and search terms, which will inevitably return many more documents than those requested. CoreLogic and its counsel will then be required to review and analyze the documents to ascertain whether they are responsive and not subject to any stated objection or privilege. Based on the information requested and our experience searching for documents in response to subpoenas in the past, it will likely take an additional three weeks to complete this process.

      Despite its best efforts, CoreLogic has yet been unable to identify a witness knowledgeable on the deposition topics in the Document Subpoena, which pertain to services provided nearly a decade ago. CoreLogic has experienced significant corporate transitions and employee turnover since that time, making identification of witnesses a challenge. CoreLogic is diligently searching for the appropriate witness, but given these logistical issues, in addition to varying work and summer vacation schedules of both counsel and CoreLogic employees, it is unlikely that a deposition will be possible prior to July 17.

      Sincerely,

      RUTAN & TUCKER, LLP

      Heather N. Herd