KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE

1615 M STREET, N.W.

SUITE 400

WASHINGTON, D.C. 20036-3215

———

(202) 326-7900

FACSIMILE:

(202) 326-7999

September 30, 2015


*Via ECF*

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the District of Kansas
500 State Avenue, Suite 517
Kansas City, KS 66101

The Honorable George H. Wu
United States District Court for the Central District of California
312 North Spring Street
Los Angeles, CA 90012-4701

      Re:    *NCUA v. UBS*, No. 12-2591 (D. Kan.)
               *NCUA v. UBS*, No. 13-6731 (S.D.N.Y.)
               *NCUA v. Morgan Stanley & Co.*, No. 13-6705 (S.D.N.Y.) (Lead Case)

Judges Cote, Lungstrum, O'Hara, and Wu
September 30, 2015
Page 2

Dear Judges Cote, Lungstrum, O'Hara, and Wu:

      We write on behalf of NCUA, as liquidating agent, regarding UBS's September 28, 2015 request to re-open fact discovery to obtain a Rule 30(b)(6) deposition and new documents about document preservation related to Bill Eberhardt, a former WesCorp employee.  UBS has no basis to assert that any relevant documents have been lost, and had every opportunity to explore these issues during fact discovery.  The Courts have denied even timely requests for discovery as to how documents were stored and collected, ECF No. 278 at 5-6, and should deny UBS's late request now.

      **1.**      Defendants deposed Mr. Eberhardt on June 9 and 10, 2015.  He testified that:  (1) in the summer of 2009 (before any litigation hold issued), after an office move at WesCorp, he could not find certain paper files; and (2) in 2012, after he had left WesCorp and after a "series of computer failures," he replaced his home computer and disposed of his old one, which had "copies" of some WesCorp documents he had maintained on his work computer.  UBS Ex. A at 30:3-5, 32:3, 243:18-244:7.  UBS raised claims of spoliation, UBS Exs. F, I; to which NCUA responded in detail, UBS Exs. H, J.  As for the files from 2009, Mr. Eberhardt testified that paper documents might have been lost (again, before any litigation hold) because he personally had been unable to locate them.[1]  Those were paper copies of materials from third-party originators and servicers at industry road shows, which may have served as background material for WesCorp's reviews of originators and servicers; NCUA has produced numerous examples, with Mr. Eberhardt as custodian.[2]  Mr. Eberhardt testified that WesCorp's actual reviews were stored electronically at WesCorp.[3]  As for Mr. Eberhardt's replacement of his home computer in 2012, he testified that it had contained only "copies" of documents stored "at the office," while "all the documents that related to our credit work and security purchases at WesCorp were at WesCorp."[4]  UBS's letter does not fairly present Mr. Eberhardt's testimony; its failure to mention his statement that WesCorp's "computer" had copies of "[e]verything that [he] wrote," UBS Ex. C at 566:21-24, is particularly striking.

      **2.**      Fact discovery began in April 2014, and closed in July 2015.  On September 1, 2015, UBS first requested that NCUA produce a Rule 30(b)(6) witness to discuss how documents had been preserved or collected.  *See* UBS Ex. K at 2.  UBS has provided no reason it could not have sought such testimony during fact discovery.  It thus cannot show "why [its] request is timely and could not have been made earlier."  ECF No. 224 at 4; *see* ECF No. 369 at 2 (denying discovery extension:  "Whether good cause exists depends upon the diligence of the moving party."); *see also* D. Kan. Local Rule 37.1(b) (discovery motions must be filed "within 30 days of the default").

---

[1] *See* UBS Ex. A at 244:5-7 ("I think those files are destroyed because I could never find them when I got back."); *id.* at 246:3-4 ("I could not locate it when I got back.  I don't know what happened to it.").

[2] *See* UBS Ex. H at 2 & n.1; UBS Ex. J at 2.  Mr. Eberhardt clarified that the paper documents he could not find in 2009 related only to originators and services, not counterparties such as Defendants.  *See* UBS Ex. C at 415:18-416:17 (files for counterparties "were there when I left WesCorp").  UBS asserts (at 2) that counterparty reviews "could have" been destroyed, but a fair reading of Mr. Eberhardt's testimony shows he believed no such destruction occurred.  *See id.* at 567:15-20 ("Q:  [I]f you had done [a review] on Nomura, would it have been also among the files that, at least the hard copies could have been destroyed?  A: No. They should . . . have been in the counterparty files . . . .").

[3] *See* UBS Ex. C at 416:24-417:1 ("The background information was – would – may have been among those files, but the report itself should be on WesCorp's hard drive."); *see also* UBS Ex. A at 244:13-16.

[4] UBS Ex. A at 32:3-10 ("I did not bring home those documents. . . . I might have brought home a term sheet and . . . worked on building out a spreadsheet for that deal and took it back to the office . . . ."); *id.* at 32:11-18 (confirming that "copies" of his "personal notes" and "handwritten notes" were "all at the office").

Judges Cote, Lungstrum, O'Hara, and Wu
September 30, 2015
Page 3

      **3.**      UBS's untimely requests also lack merit. NCUA has produced copies of numerous documents of the sort Mr. Eberhardt thought might have been lost in paper form, and he testified that WesCorp had copies of any work documents on his home computer.[5] Even if some documents had been lost (which is doubtful at best), there would be no reason to believe they are material or relevant to any claim or defense in this litigation. NCUA's strict-liability claims turn on the veracity of statements in the *offering documents* issued by *Defendants* for RMBS, not materials from third-parties at conferences. *See* UBS Ex. J at 4-5.[6] Finally, even if UBS could show that material documents were lost (which it cannot), it still could not establish more than inadvertence or negligence. *See Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 629-30 (C.D. Cal. 2013) (deletion of documents that was "at most negligent" and caused no prejudice did "not warrant re-opening discovery").

      In addition, none of the topics as to which UBS seeks a 30(b)(6) deposition, *see* UBS Ex. K at 2, or further production of documents shed light on its alleged concerns. Topics 5 and 6 pertain to factual matters about which UBS and other Defendants have thoroughly questioned Mr. Eberhardt; a 30(b)(6) witness could not reasonably provide more information.[7] Topics 3 and 4, which request any litigation holds at WesCorp (from 2006 to 2009) or NCUA (from 2009 to the present) are extraordinarily overbroad, especially as they pertain to unrelated litigation.[8] UBS has no basis to seek information regarding NCUA's own document holds or policies; the dispute here involves one former WesCorp employee's files. As a courtesy, NCUA has already provided UBS information about the WesCorp litigation hold relevant to this case (issued in September 2009); it is far too late for UBS to seek discovery about whether that hold should have issued earlier, or if other potential holds should have encompassed the documents at issue. *See* UBS Ex. J at 3-4 & n.5. Finally, Topics 1 and 2, which concern document retention and preservation policies at WesCorp and NCUA, are also overbroad. Again, NCUA's own documents are not at issue. Nor do two narrow categories of purportedly missing documents (one of which involved Mr. Eberhardt's post-employment disposal of his home computer) justify wholesale discovery as to WesCorp's overall document policies or NCUA's review of WesCorp's documents. *See* ECF No. 278 at 5-6 (denying discovery on "the precise contours of [NCUA's] search" for files); D. Kan. ESI Guidelines, ¶ 25 (requiring good cause for any discovery into preservation and collection efforts, including the "specific need for such discovery" and "its relevance to issues likely to arise in the litigation").[9] Taken as a whole, UBS's requests merely confirm that it seeks to engage in a fishing expedition.

---

[5] UBS speculates (at 2 n.2) that the computer "could have" contained documents it asserts were "missing" from the WesCorp production, contrary to Mr. Eberhardt's testimony that the computer contained only copies. That speculation deserves no weight, especially because NCUA substantially completed that production in November 2014, but UBS never asked about the allegedly missing documents until June 2015. *See* UBS Ex. E, at 1-2.

[6] Also, such documents would not discuss the specific securities in this litigation and could not even potentially support an actual-knowledge defense; nor has UBS ever explained why it believes such documents would be material.

[7] *See, e.g., FHFA v. UBS*, 11-cv-05201, Hr'g Tr. at 22:18-21 (Nov. 19, 2012) (Cote, J.) (ECF No. 264) ("30(b)(6) witnesses are not fact witnesses. One shouldn't try to circumvent the limit on the number of fact witnesses by using a 30(b)(6) witness to do the work of what is traditionally fact witnesses.")

[8] *See, e.g., FHFA v. UBS*, 11-cv-05201, Hr'g Tr. at 98:16-19 (Feb. 14, 2013) (Cote, J.) (ECF No. 491) ("We are not going to investigate the failure to comply with the litigation hold in some other litigation.").

[9] *See also Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, 2009 WL 3463912, at *2 (E.D.N.Y. Oct. 21, 2009) (denying motion to compel 30(b)(6) testimony concerning a party's "document retention policies[ and its] search for and collection of documents"); *In re Honeywell Int'l, Inc. Sec. Litig.*, 230 F.R.D. 293, 302 (S.D.N.Y. 2003) (refusing to order discovery into subpoena compliance for lack of a "concrete basis for th[e] request").

Judges Cote, Lungstrum, O'Hara, and Wu
September 30, 2015
Page 4

/s/ David C. Frederick

| | |
|---|---|
| David C. Frederick | David H. Wollmuth |
| Wan J. Kim | Frederick R. Kessler |
| Gregory G. Rapawy | Steven S. Fitzgerald |
| Andrew C. Shen | Ryan A. Kane |
| KELLOGG, HUBER, HANSEN, TODD, | WOLLMUTH MAHER & DEUTSCH LLP |
| EVANS & FIGEL, P.L.L.C. | 500 Fifth Avenue, 12th Floor |
| Sumner Square | New York, NY 10110 |
| 1615 M Street, N.W., Suite 400 | Tel: (212) 382-3300 |
| Washington, D.C. 20036 | Fax: (212) 382-0050 |
| Tel: (202) 326-7900 | dwollmuth@wmd-law.com |
| Fax: (202) 326-7999 | fkessler@wmd-law.com |
| dfrederick@khhte.com | sfitzgerald@wmd-law.com |
| wkim@khhte.com | rkane@wmd-law.com |
| grapawy@khhte.com | |
| ashen@khhte.com | Norman E. Siegel (D. Kan. # 70354) |
| | Rachel E. Schwartz (Kan. # 21782) |
| George A. Zelcs | STUEVE SIEGEL HANSON LLP |
| KOREIN TILLERY LLC | 460 Nichols Road, Suite 200 |
| 205 North Michigan Avenue, Suite 1950 | Kansas City, MO 64112 |
| Chicago, IL 60601 | Tel: (816) 714-7100 |
| Tel: (312) 641-9750 | Fax: (816) 714-7101 |
| Fax: (312) 641-9751 | siegel@stuevesiegel.com |
| gzelcs@koreintillery.com | schwartz@stuevesiegel.com |
| | |
| Stephen M. Tillery | Marc M. Seltzer (54534) |
| KOREIN TILLERY LLC | Bryan Caforio (261265) |
| 505 North Seventh Street, Suite 3600 | SUSMAN GODFREY L.L.P. |
| St. Louis, MO 63101 | 1901 Avenue of the Stars, Suite 950 |
| Tel: (314) 241-4844 | Los Angeles, California 90067-6029 |
| Fax: (314) 241-3525 | Telephone: (310) 789-3100 |
| stillery@koreintillery.com | Fax: (310) 789-3150 |
| | mseltzer@susmangodfrey.com |

*Attorneys for Plaintiff National Credit Union Administration Board*