KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE

1615 M STREET, N.W.

SUITE 400

WASHINGTON, D.C. 20036-3209

———

(202) 326-7900

FACSIMILE:
(202) 326-7999

October 21, 2015

*Via ECF*

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the District of Kansas
500 State Avenue, Suite 517
Kansas City, KS 66101

The Honorable George H. Wu
United States District Court for the Central District of California
312 North Spring Street
Los Angeles, CA 90012-4701

Re:    *NCUA v. Morgan Stanley & Co., et al.*, No. 13-6705 (S.D.N.Y.)
       *NCUA v. UBS Securities LLC, et al.,* No. 13-2591 (D. Kan.)

Judges Cote, Lungstrum, O'Hara, and Wu
October 21, 2015
Page 2

Dear Judges Cote, Lungstrum, O'Hara, and Wu:

We write on behalf of NCUA, as liquidating agent, to oppose UBS's untimely request that NCUA produce attorney-client communications and work product documents that UBS first sought in June 2015. UBS concedes those privileges apply, but urges incorrectly that they were waived.

**1.**       The Tenth Circuit held in *Barclays* that NCUA could assert equitable estoppel against Defendants who had signed tolling agreements in which they promised not to plead the statute of limitations and then did so anyway. Because UBS had made such a promise, NCUA sought reconsideration of an earlier adverse ruling in light of *Barclays*. NCUA submitted a declaration by its outside counsel, George A. Zelcs, which stated in part: "NCUA was fully prepared to file suit against UBS if the parties had not entered into tolling agreements in January and October 2011. The only reason NCUA did not file suit against UBS in or about August 2011 was because NCUA relied on UBS's representations in the tolling agreements, including its express promise . . . ." Exh. A, ¶ 4. Judge Lungstrum granted NCUA's motion as to UBS. *See UBS KS*, ECF No. 268.[1]

**2.**       UBS now contends that with the Zelcs Declaration, NCUA broadly waived any privilege or protection over any document related to its assertion of equitable estoppel. UBS argues that the Zelcs Declaration was an "[e]xplicit waiver" of privilege because it purportedly "discloses the substances of an otherwise-privileged communication." ECF No. 408, at 2-3 (internal quotations deleted). That is plainly incorrect. UBS does not and cannot point to any privileged or protected communication that Mr. Zelcs disclosed. His declaration contains only factual statements about NCUA's preparedness to sue and the reasons for the timing of NCUA's suit. Lawyers say every day that their clients are prepared to seek judicial relief unless certain conditions are met – as in a cease-and-desist letter that threatens suit if certain conduct is not halted; a discovery discussion where counsel says she is ready to move to compel, but will not do so today if opposing counsel promises to respond tomorrow; and in most negotiations regarding a tolling agreement. Those statements do not waive privilege.[2] There is no reason to treat differently Mr. Zelcs's statement that NCUA was prepared to sue in 2011 if UBS did not agree to tolling.[3]

**3.**       UBS also argues (at 3) that NCUA has "implicitly waived" privilege. But courts in the District of Kansas construe this form of waiver narrowly. It requires that the party asserting privilege "put the protected information at issue" *and* that "application of the privilege would have denied the opposing party access to information vital to its defense." *Williams v. Sprint/United Mgmt. Co.*, 464 F. Supp. 2d 1100, 1104 (D. Kan. 2006) (Lungstrum, J.); *see generally Frontier Ref. Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 701-02 (10th Cir. 1998). UBS can meet neither requirement.

A party puts privileged information "at issue" only where it intends to rely on privileged communications, or privileged communications are "integral" to that party's claims. In *Williams*, Judge Lungstrum held no waiver had occurred because the asserting party did not "intend[] to rely on these [privileged] e-mails to prove its good faith defense." 464 F. Supp. 2d at 1106. Likewise, in *New Jersey v. Sprint Corp.*, Judge O'Hara held that no waiver had occurred because "defendants have

---

[1] ECF citations preceded by "*UBS KS*" refer to the *UBS* case in Kansas; others, to *Morgan Stanley* in New York.

[2] *See, e.g.*, *Cardtoons L.C. v. Major League Baseball Players Ass'n*, 199 F.R.D. 677, 680-84 (N.D. Okla. 2001) (holding that neither sending cease-and-desist letters nor arguing that letters had been sent in good faith waived privilege); *see also Rock River Comm'ns, Inc. v. Universal Music Grp., Inc.*, 745 F.3d 343, 353-54 (9th Cir. 2013) (similar).

[3] The references in the Zelcs Declaration are no more specific than the general description of numerous privileged analyses and materials regarding "tolling agreement" and "draft UBS complaint" in NCUA's privilege log, or "tolling agreement" and "complaint filed by NCUA in the District of Kansas" in UBS's privilege log. No one would contend that those privilege logs waived anything by providing such descriptions, as required by Fed. R. Civ. P. 26(b)(5).

Judges Cote, Lungstrum, O'Hara, and Wu
October 21, 2015
Page 3

confirmed that they do not intend to introduce any evidence regarding advice of counsel." 258 F.R.D. 421, 433 (D. Kan. 2009); *see also In re Cnty. of Erie*, 546 F.3d 222, 229 (2d Cir. 2008) (to waive, "a party must *rely* on privileged advice from his counsel to make his claim or defense"). Even if an argument makes privileged communications "factually relevant," that is insufficient unless the communications are "integral to [the asserting party's] claims." *Cincinnati Ins. Co. v. M.S. ex rel. Serrano*, 2011 WL 6304086, at *7 (D. Kan. Dec. 16, 2011).[4]

UBS cannot meet that standard. NCUA has not relied on privileged material and will not do so. It will prove through non-privileged, factual evidence that it reasonably relied on UBS's promise in deciding to wait before suing. For example, NCUA can rely on the tolling agreements themselves, which made clear their premise that "NCUA . . . may file a complaint against UBS" but was entering the agreement to avoid "the disruption that may occur as the result of NCUA filing a complaint," *UBS KS*, ECF No. 224-2, at 1. NCUA can also show that it filed several complaints against other defendants shortly after similar tolling agreements expired; that the UBS Complaint was substantially identical to such other complaints; and that all of those complaints were timely filed (accounting for the time covered by the tolling agreements). NCUA has made two productions to UBS of more than 100 documents it will use for those purposes.[5] UBS also does not and cannot contend that NCUA's privileged materials are "integral" to a showing that NCUA relied on a non-privileged agreement that, by its express terms, was intended to permit NCUA to postpone litigation in order to pursue settlement negotiations. It requires no waiver of any privileged information for anyone to note that this is the intended effect of virtually any tolling agreement.

Even if NCUA had put privileged communications "at issue" (which it has not), there would be no waiver because these communications are not "vital" to UBS's defense, which "necessarily implies the information is available from no other source." *Frontier Ref.*, 136 F.3d at 701; *see also Sprint Commc'ns Co. L.P. v. Comcast Cable Commc'ns LLC*, 2015 WL 3822639, at *2 (D. Kan. June 19, 2015) (Lungstrum, J.) (privileged information is not "vital" so long as "other sources were available for evidence of the party's motivations generally"). Here, NCUA not only produced the non-privileged information described above, but also has agreed that UBS may depose Mr. Zelcs on non-privileged subjects. That is more than enough to satisfy UBS's legitimate interests in discovery about the straightforward subject of reliance on a tolling agreement.[6]

    4.      UBS's motion also should be denied as untimely. *See, e.g.*, ECF No. 402, at 3. UBS made the relevant document requests on June 17, 2015, UBS Exh. A; NCUA asserted privilege and protection on July 17, and reaffirmed that assertion on August 21, UBS Exh. B, D. There is no reason UBS should not have brought this dispute to the Courts weeks or months ago.[7]

---

[4] *See also Heglet v. City of Hays, Kan.*, 2014 WL 1094458, at *4 (D. Kan. Mar. 19, 2014) (no waiver where "attorney-client communications are merely relevant"; waiver where they are "integral to the claim itself").

[5] That includes 44 documents on August 14, and a supplemental production of 68 documents on October 4.

[6] As UBS notes (at 3 n.3), NCUA has pointed out that if UBS's claims concerning broad waiver of privilege were correct, UBS would itself have waived privilege through its own conduct. Because NCUA does not believe that precedent supports UBS's view of waiver, it has not sought such relief against UBS. If the Courts agree with UBS's arguments, NCUA reserves the right to ask that the same rule be applied to UBS's own assertions of privilege.

[7] UBS states (at 2) that it waited until "it had a chance to review NCUA's [privilege] log." But other than a passing mention, UBS does not rely on that log, and did not need a log to make its categorical waiver argument.

Judges Cote, Lungstrum, O'Hara, and Wu
October 21, 2015
Page 4

Respectfully submitted,

/s/  David C. Frederick

David C. Frederick
Wan J. Kim
Gregory G. Rapawy
Andrew C. Shen
KELLOGG, HUBER, HANSEN, TODD,
    EVANS & FIGEL, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel:  (202) 326-7900
dfrederick@khhte.com
wkim@khhte.com
grapawy@khhte.com
ashen@khhte.com

George A. Zelcs
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel:  (312) 641-9750
gzelcs@koreintillery.com

Stephen M. Tillery
Michael E. Klenov
Steven M. Berezney
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Tel:  (314) 241-4844
stillery@koreintillery.com
mklenov@koreintillery.com
sberezney@koreintillery.com

Marc M. Seltzer (54534)
Bryan Caforio (261265)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Tel:  (310) 789-3100
mseltzer@susmangodfrey.com

Erik Haas
Peter W. Tomlinson
Philip R. Forlenza
Henry J. Ricardo
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Tel:  (212) 336-2000
ehaas@pbwt.com
pwtomlinson@pbwt.com
prforlenza@pbwt.com
hjricardo@pbwt.com

David H. Wollmuth
Frederick R. Kessler
Steven S. Fitzgerald
Ryan A. Kane
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue, 12th Floor
New York, NY 10110
Tel:  (212) 382-3300
dwollmuth@wmd-law.com
fkessler@wmd-law.com
sfitzgerald@wmd-law.com
rkane@wmd-law.com

Norman E. Siegel (D. Kan. # 70354)
Rachel E. Schwartz (Kan. # 21782)
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
siegel@stuevesiegel.com
schwartz@stuevesiegel.com

*Attorneys for Plaintiff National Credit Union Administration Board*