# Exhibit A

Case 2:12-cv-02591-JWL-JPO  Document 224-9  Filed 03/23/15  Page 1 of 4
Case 2:11-cv-05887-GW-JEM  Document 538-2  Filed 10/21/15  Page 2 of 5  Page ID
#:12500

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union and of Western Corporate Federal Credit Union, | ) ) ) ) ) | Case No. 12-cv-2591 JWL/JPO |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| UBS SECURITIES, LLC, *et al.*, | ) ) | |
| Defendants. | ) ) | |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, of Western Corporate Federal Credit Union, and of Southwest Corporate Federal Credit Union, | ) ) ) ) ) ) ) | Case No. 12-cv-2648 JWL/JPO |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| CREDIT SUISSE SECURITIES (USA) LLC, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union and Western Corporate Federal Credit Union, | ) ) ) ) ) | Case No. 13-cv-2418 JWL/JPO |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| MORGAN STANLEY & CO., INC., *et al.*, | ) ) | |
| Defendants. | ) ) | |

## DECLARATION OF GEORGE A. ZELCS

1.      I have personal knowledge of the facts set forth below, and, if called upon as a witness, I could and would testify competently to them.

2.      I am an attorney with the law firm Korein Tillery, LLC, and I am one of the counsel for the National Credit Union Administration ("NCUA") in the above-captioned cases. From November 2010 to January 2011, as counsel for NCUA, I negotiated two tolling agreements with counsel for UBS regarding potential claims by NCUA against UBS, including certain federal securities law claims and claims under certain state "blue sky" laws. These tolling agreements were executed in January 2011 and October 2011, respectively. I also negotiated extensions of both agreements, which were executed in March 2011 and February 2012, respectively. These negotiations occurred by phone and email.

3.      Throughout the process of entering into the aforementioned tolling agreements and extensions, it was the express purpose and intent that NCUA was agreeing temporarily not to sue UBS for the mutual benefit of NCUA and UBS so that each party could have more time to determine if a settlement of NCUA's potential claims was possible before NCUA filed a lawsuit for such claims. Based upon my discussions with UBS's counsel, all parties viewed it as more efficient and beneficial for NCUA to forgo filing suit immediately because litigating claims is significantly more expensive and time-consuming than negotiating a settlement of claims in the absence of litigation.

4.      NCUA was fully prepared to file suit against UBS if the parties had not entered into tolling agreements in January and October 2011. The only reason NCUA did not file suit against UBS in or about August 2011 was because NCUA relied on UBS's representations in the tolling agreements, including its express promise "not to assert . . . or otherwise rely on any passage of time during the Tolling Period in asserting any time-related defense in connection with the Potential Claims or Counterclaims or Defenses." *See* Katz Decl. Ex. A ¶ 1; *id.* Ex. B ¶ 1.

Case 2:12-cv-02591-JWL-JPO   Document 224-9   Filed 03/23/15   Page 3 of 4
Case 2:11-cv-05887-GW-JEM   Document 538-2   Filed 10/21/15   Page 4 of 5   Page ID
#:12502

5.      It was my understanding, and the intent and express purpose of the tolling agreement language, that UBS wanted NCUA to wait to file claims against it until after the period the parties agreed to set aside for settlement negotiations had concluded.  It would have been contrary to the parties' expectations if NCUA had filed a lawsuit against UBS during that period, and for that reason NCUA never did so.  Further, based upon my communications with UBS's counsel, it would have been contrary to the parties' expectations for UBS not to honor the tolling agreement or to raise a limitations defense that relied on the excluded time period contained in the tolling agreement.

Case 2:12-cv-02591-JWL-JPO   Document 224-9   Filed 03/23/15   Page 4 of 4
Case 2:11-cv-05887-GW-JEM   Document 538-2   Filed 10/21/15   Page 5 of 5   Page ID
#:12503

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.


 /s/ George A. Zelcs                                    March 23, 2015
George A. Zelcs                                         Date