KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209

———

(202) 326-7900

FACSIMILE:
(202) 326-7999

October 21, 2015

***Via ECF (S.D.N.Y. and C.D. Cal.) and Email (D. Kan.)***

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the District of Kansas
500 State Avenue, Suite 517
Kansas City, KS 66101

The Honorable George H. Wu
United States District Court for the Central District of California
312 North Spring Street
Los Angeles, CA 90012-4701

    Re:    *NCUA v. Morgan Stanley & Co.*, No. 13-6705 (S.D.N.Y) (Lead Case)
              *NCUA v. Goldman, Sachs & Co.*, No. 11-6521 (C.D. Cal.)

Judges Cote, Lungstrum, O'Hara, and Wu
October 21, 2015
Page 2

Dear Judges Cote, Lungstrum, O'Hara, and Wu:

      We write on behalf of NCUA, as liquidating agent, to seek enforcement of coordinated scheduling orders issued by the Courts. In the Master Discovery Protocol, ECF No. 101[1] ("MDP"), and Order dated June 22, 2015, ECF No. 342 ("June 22 Order"), the Courts made plain that opening expert reports on any affirmative defense of loss causation were due by August 14. On October 16, in violation of those orders, Goldman included in a rebuttal expert report substantial previously undisclosed expert opinions on loss causation. The Courts should preclude Goldman from using those untimely opinions to support any loss causation defense.

      **1.**    The MDP required "expert reports by the party bearing the burden of proof on an issue" to be submitted on August 14, 2015, and "rebuttal expert reports" to be submitted on October 16. MDP § 11(a)-(b). In June 2015, Defendants (including Goldman) argued that their loss causation reports should be permitted in October so that their loss causation experts could use information from and respond to NCUA's reunderwriting and damages reports. ECF No. 334, at 1. The Courts rejected those arguments: they reaffirmed that "any loss causation expert reports are due on August 14," and found that "Defendants ha[d] not shown good cause for modifying the expert discovery deadlines." ECF No. 342, at 3.

      On August 14, 2015, the parties served their opening expert reports. None of NCUA's opening reports discussed loss causation. Goldman served an opening report in which its expert Christopher M. James opined that, ███████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████ Exh. A, ¶¶ 19-20. Neither Mr. James's August report nor any of Goldman's other August reports opined that ███████████████████████████████████████████████████████████████████████████

      On October 16, 2015, the parties served rebuttal reports. Goldman included a new report by Mr. James which set forth brand-new loss-causation opinions. Mr. James opined for the first time that ███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████ Exh. B, ¶¶ 12, 14, 15.[2]

      **2.**    The MDP is clear, and the June 22 Order removes any doubt. Goldman was required to serve its expert reports on loss causation in August. Any rebuttal reports in October had to be "intended solely to contradict or rebut evidence on the same subject matter identified by" NCUA. Fed. R. Civ. P. 26(a)(2)(D)(ii); see *Vu v. McNeil-PPC, Inc.*, 2010 WL 2179882, at *2 (C.D. Cal. May 7, 2010) (a rebuttal report may not "go beyond the boundaries" of the report it is rebutting). Because NCUA does not bear any burden to show loss causation and did not serve any opening report on that subject, Goldman could not serve a rebuttal report on loss causation.

      Goldman has argued that Mr. James's new opinions were proper because § 11(c) of the

---

[1] ECF references are to the *Morgan Stanley* case in New York.
[2] NCUA immediately objected to Mr. James's new loss causation opinions. On October 20, 2015, NCUA and Goldman also conferred by telephone and reached impasse on this issue.

Judges Cote, Lungstrum, O'Hara, and Wu
October 21, 2015
Page 3

MDP provided for Defendants to serve on October 16, 2015 "any expert reports regarding" the "re-underwrit[ing of] NCUA sampled loans." Defendants made that exact argument in June, *see* ECF No. 334, at 1-2, and the Courts rejected it. As NCUA then argued, Defendants had ample advance notice of which loans NCUA intended to sample and to reunderwrite; and could have done their own reunderwriting before August if their experts needed reunderwriting results for their loss-causation opinions. *See* ECF No. 341, at 3; *see also Schweizer v. DEKALB Swine Breeders, Inc.*, 954 F. Supp. 1495, 1510 (D. Kan. 1997) (striking late-filed expert testimony where there was "no reason the opinions expressed . . . could not have been stated earlier"). Goldman also cannot contend that Mr. James's new loss-causation opinions rebutted NCUA's damages expert. ██████████████████ ████████████████████████████████████████████ *See* Exh. B, ¶ 63. That is an affirmative loss-causation opinion, not an attempt to rebut NCUA's damages expert; NCUA had no need to include loss causation in its calculations unless defendants first carried their burden to negate such causation.[4]

    **3.** Under Rule 37, the Courts should preclude Goldman from using Mr. James's rebuttal report to support any loss causation defense. Preclusion is the prescribed response to a failure to disclose expert opinions at the required time, *see* Fed. R. Civ. P. 37(c)(1); it is also an available remedy for violation of a district court's discovery order, *see* Fed. R. Civ. P. 37(b)(2)(A)(ii), or scheduling order, *see* Fed. R. Civ. P. 16(f). Courts routinely preclude the use of expert opinions under these provisions. *See, e.g.*, *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1065 (C.D. Cal. 2010) ("Those portions of an expert's rebuttal that opine on subjects that were not addressed in the expert report purportedly being rebutted should be excluded."). NCUA has been prejudiced because experts will now be required to respond to Mr. James's new opinions in the five-week reply period rather than the nine-week rebuttal period. A four-week extension at this late date would cause further prejudice by disrupting the MDP's schedule for expert depositions and summary judgment motions. *See Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2004) ("[d]isruption to the schedule of the court and other parties . . . is not harmless"). It would also allow Goldman to keep the benefit it has obtained by disregarding the Courts' clear orders: instead of offering an independent view as to which loans were defective and the amount of losses they caused, Goldman obtained a preview of NCUA's reunderwriting report. The Courts have an interest in preventing that result. *See Valentine v. Museum of Modern Art*, 29 F.3d 47, 49-50 (2d Cir. 1994).

    **4.** Goldman has argued that this motion should be made to Judge Wu alone because it is relevant solely to NCUA's action before him in California. That is not so. Other Defendants have also included new loss causation arguments in rebuttal reports in cases not before Judge Wu. NCUA has raised objections with those Defendants similar to these and may seek further relief. As with virtually every discovery dispute in these coordinated cases, the Courts' resolution of this issue is likely to affect multiple cases in multiple courts.[5]

---

[3] As to one Certificate ██████████████, Mr. James opines that ██████████████████████ ██████████████████████████████████████████████████████ *See* Exh. B, ¶¶ 98-104. Accordingly, as to that Certificate as well, Mr. James is not properly rebutting NCUA's damages experts.

[4] *See, e.g., In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1183 (C.D. Cal. 2008) (under § 12(a), "presumptive damages are not limited to those caused by the violation").

[5] In addition, any delay in Mr. James's deposition is also likely to affect multiple cases because he is an expert for multiple Defendants; any delay for Goldman will likely affect his availability for a coordinated deposition.

Judges Cote, Lungstrum, O'Hara, and Wu
October 21, 2015
Page 4

Respectfully submitted,

/s/  David C. Frederick

David C. Frederick
Wan J. Kim
Gregory G. Rapawy
Andrew C. Shen
KELLOGG, HUBER, HANSEN, TODD,
  EVANS & FIGEL, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel:  (202) 326-7900
dfrederick@khhte.com
wkim@khhte.com
grapawy@khhte.com
ashen@khhte.com

George A. Zelcs
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel:  (312) 641-9750
gzelcs@koreintillery.com

Stephen M. Tillery
Michael E. Klenov
Steven M. Berezney
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Tel:  (314) 241-4844
stillery@koreintillery.com
mklenov@koreintillery.com
sberezney@koreintillery.com

Marc M. Seltzer (54534)
Bryan Caforio (261265)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Tel:  (310) 789-3100
mseltzer@susmangodfrey.com

Erik Haas
Peter W. Tomlinson
Philip R. Forlenza
Henry J. Ricardo
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Tel:  (212) 336-2000
ehaas@pbwt.com
pwtomlinson@pbwt.com
prforlenza@pbwt.com
hjricardo@pbwt.com

David H. Wollmuth
Frederick R. Kessler
Steven S. Fitzgerald
Ryan A. Kane
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue, 12th Floor
New York, NY 10110
Tel:  (212) 382-3300
dwollmuth@wmd-law.com
fkessler@wmd-law.com
sfitzgerald@wmd-law.com
rkane@wmd-law.com

Norman E. Siegel (D. Kan. # 70354)
Rachel E. Schwartz (Kan. # 21782)
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
siegel@stuevesiegel.com
schwartz@stuevesiegel.com

*Attorneys for Plaintiff National Credit Union Administration Board*