MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
BRYAN CAFORIO (261265)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Fax: (310) 789-3150

Attorneys for Plaintiff National Credit Union
Administration Board
(See Signature Page for Names and Addresses
of Additional Counsel for Plaintiffs)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union and of Western Corporate Federal Credit Union,<br><br>Plaintiff,<br><br>vs.<br><br>RBS SECURITIES, INC., f/k/a RBS GREENWICH CAPITAL MARKETS, INC.; GREENWICH CAPITAL ACCEPTANCE, INC.; AMERICAN HOME MORTGAGE ASSETS LLC; INDYMAC MBS, INC.; LARES ASSET SECURITIZATION, INC.; NOMURA ASSET ACCEPTANCE CORP.; NOMURA HOME EQUITY LOAN, INC.; and WACHOVIA MORTGAGE LOAN TRUST, LLC.,<br><br>Defendants. | Case No. CV-11-5887 GW(JEMx)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF NCUA'S MOTION FOR A BAR ORDER**<br><br>Am. Compl. filed: Nov. 14, 2014<br>Judge:           Hon. George Wu<br>Courtroom:     10 |

**PRELIMINARY STATEMENT**

This Motion arises from the settlement of claims between NCUA and Morgan Stanley (the "Settling Parties").[1] The Settling Parties have agreed that NCUA's claims against Morgan Stanley in the *Morgan Stanley Kansas Action*[2] and the *Morgan Stanley New York Action*[3] should be dismissed, and will file stipulations of dismissal once a ruling is issued on this motion. Morgan Stanley was the only defendant in either of those actions. NCUA has, however, brought claims against three other defendants – RBS, American Home, and Credit Suisse[4] – with respect to two RMBS Certificates at issue in the *Morgan Stanley Kansas Action* (the "Overlapping Securities").[5] A term of the

---

[1] "NCUA" refers to the National Credit Union Administration Board, as liquidating agent for four credit unions (the "Credit Unions"): U.S. Central Federal Credit Union ("U.S. Central"), Western Corporate Federal Credit Union ("WesCorp"), Southwest Corporate Federal Credit Union ("Southwest"), and Members United Corporate Federal Credit Union ("Members United"). "Morgan Stanley" refers collectively to Morgan Stanley & Co., Inc., Morgan Stanley ABS Capital I Inc., Morgan Stanley Capital I Inc., and Saxon Asset Securities Company.

[2] *NCUA v. Morgan Stanley & Co., Inc.*, No. 13-2418 (D. Kan.) ("*Morgan Stanley Kansas Action*").

[3] *NCUA v. Morgan Stanley & Co., Inc.*, No. 13-6705 (S.D.N.Y.) ("*Morgan Stanley New York Action*").

[4] "RBS" refers to RBS Securities, Inc.; "American Home" refers to American Home Mortgage Assets LLC; and "Credit Suisse" refers to Credit Suisse Securities (USA) LLC.

[5] The Overlapping Securities were purchased from AHMA 2007-3 (12A2) (CUSIP #026935AD8) by WesCorp and SAST 2006-3 (A4) (CUSIP # 80556AAD9) by U.S. Central. With respect to AHMA 2007-3, NCUA brought Section 11 claims against Morgan Stanley in the *Morgan Stanley Kansas Action*, and Section 11, Section 12(a)(2), and California Blue Sky Law claims against RBS and a Section 11 claim against American Home in *NCUA v. RBS Sec., Inc.*, No. 11-5887 (C.D. Cal.) ("*RBS California Action*"). With respect to SAST 2006-3, NCUA brought Section 11, Section 12(a)(2), and Kansas Blue Sky Law claims against Morgan Stanley in the *Morgan Stanley Kansas Action*, a Section 11 claim against RBS in *NCUA v. RBS Sec., Inc.*, No. 11-2340

settlement is that the Settling Parties agree to seek the entry of appropriate orders barring claims by RBS, American Home, Credit Suisse, and other alleged tortfeasors not named as defendants in the NCUA litigation (the "Non-Settling Defendants") against Morgan Stanley for contribution or indemnity in connection with the Overlapping Securities.

Courts have recognized that orders barring contribution and indemnity are key to enabling settlements involving fewer than all defendants and alleged tortfeasors in complex litigation such as these coordinated cases. The Second, Ninth, and Tenth Circuits have all recognized that such orders are desirable and permissible in appropriate cases. Two of the judges presiding over NCUA's coordinated cases – Judge Cote and Judge Lungstrum – have entered similar orders in earlier cases.[6] This Court has recently granted NCUA's request for a similar bar order in connection with NCUA's and Barclays's settlement in *NCUA v. Barclays Capital*, No. 13-6727 (S.D.N.Y.) and *NCUA v. Barclays Capital*, No. 12-2631 (D. Kan.).[7] Judge Cote has also granted a similar bar order in connection with the *Barclays* settlement, and Judge Lungstrum has indicated his willingness to do so.[8] NCUA's Contribution Bar Order ("Proposed Order"), appended as Exhibit A, has been modeled on the bar orders the Courts have entered in connection with NCUA's settlement with Barclays.

---

(D. Kan.) ("*RBS Kansas Action*"), and a Section 11 claim against Credit Suisse in *NCUA v. Credit Suisse*, No. 12-2648 (D. Kan.) ("*Credit Suisse Kansas Action*").

[6] *E.g.*, *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 613107, at *9-11 (S.D.N.Y. Mar. 15, 2005) (Cote, J.); *Aks v. Southgate Trust Co.*, 1992 WL 401708, at *16-17 (D. Kan. Dec. 24, 1992) (Lungstrum, J.).

[7] Ruling on Motion for Bar Order, *NCUA v. Goldman, Sachs & Co.*, No. 11-6521, ECF No. 490 (C.D. Cal. Dec. 21, 2015); Contribution Bar Order, *NCUA v. Goldman Sachs*, No. 11-6521, ECF No. 491 (C.D. Cal. Dec. 21, 2015).

[8] Contribution Bar Order, *NCUA v. Barclays Capital*, No. 13-6727, ECF No. 207 (S.D.N.Y. Dec. 8, 2015) (Cote, J.); Memorandum and Order at 6-7, *NCUA v. Barclays Capital*, No. 12-2631, ECF No. 137 (D. Kan. Dec. 4, 2015) (Lungstrum, J.).

The Proposed Order, appended as Exhibit A, would in substance (1) bar any claims against Morgan Stanley for contribution or indemnity, including any claims to recover all or part of any judgment or settlement against a Non-Settling Defendant that arise out of NCUA's claims with respect to the Overlapping Securities; (2) bar Morgan Stanley from asserting claims against any Non-Settling Defendant for contribution or indemnity for all or part of Morgan Stanley's settlement payment to NCUA; and (3) provide a judgment credit for any Non-Settling Defendant with respect to the Overlapping Securities. A Non-Settling Defendant's judgment credit will be the *greater* of the amount for which Morgan Stanley actually settled (as to the Overlapping Security) or Morgan Stanley's proportionate share of fault for NCUA's losses as proven at trial. That provision treats any Non-Settling Defendant at least as generously as otherwise applicable law governing any contribution or indemnity rights the credit recipient might be able to assert against Morgan Stanley.

The Proposed Order protects the confidentiality of the specific amounts associated with the settlement of NCUA's claims based on each of the RMBS at issue. Consistent with Judge Cote's and Judge Lungstrum's rulings concerning the Barclays bar order, the Proposed Order provides that NCUA will disclose the allocation information regarding the Overlapping Securities to the relevant defendants at the time a pretrial order is filed in the *RBS California Action*, *RBS Kansas Action*, or *Credit Suisse Kansas Action*. *See* Order at 2-3, *NCUA v. Barclays Capital*, No. 13-6727, ECF No. 206 (S.D.N.Y. Dec. 4, 2015) (Cote, J.); Order at 5, *NCUA v. Barclays Capital*, No. 12-2631, ECF No. 137 (D. Kan. Dec. 4, 2015) (Lungstrum, J.).

The Proposed Order will promote the prompt and efficient resolution of these and other RMBS disputes, while protecting all legitimate interests of the Settling Parties and of all Non-Settling Defendants. For all these reasons and those discussed below, NCUA respectfully requests that the Court enter the Proposed Order substantially in the form attached as Exhibit A.

# ARGUMENT

## I. The Proposed Contribution Bar Order Serves the Public Interest in Resolving Complex Litigation and Protects the Rights of Non-Settling Parties

"'[W]here a case is complex and expensive, and resolution of the case will benefit the public, the public has a strong interest in settlement.'" *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 202 (2d Cir. 2006) (quoting *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 856-57 (2d Cir. 1998)), *abrogated on other grounds by FTC v. Actavis, Inc.*, 133 S. Ct. 2223 (2013); *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) (noting the "overriding public interest in settling and quieting litigation," especially in complex cases); *see also In re WorldCom, Inc. ERISA Litig.*, 339 F. Supp. 2d 561, 567 (S.D.N.Y. 2004) (Cote, J.) (observing that the "importance of settlement to . . . complex litigation . . . is indisputable").

Because "an unlimited right to seek contribution would surely diminish the incentive to settle" complex cases involving multiple parties, settling parties often include in their settlement agreement a provision that requires the parties to seek an order "that bar[s] contribution and indemnification claims between the settling defendants and non-settling defendants." *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 591189, at *5 (S.D.N.Y. Mar. 14, 2005); *see also Denney v. Deutsche Bank AG*, 443 F.3d 253, 273 (2d Cir. 2006) (explaining that without bar orders, defendants are unlikely to consent to settlement because such a "settlement would not bring . . . much peace of mind"); *Franklin*, 884 F.2d at 1229 ("'Anyone foolish enough to settle without barring contribution is courting disaster.'") (quoting *In re Nucorp Energy Sec. Litig.*, 661 F. Supp. 1403, 1408 (S.D. Cal. 1987)); *Aks*, 1992 WL 401708, at *12 (Lungstrum, J.) ("Contribution inhibits settlement, particularly in complex, multiple defendant actions such as this."). Thus, courts in the Second, Ninth, and Tenth Circuits routinely enter bar orders when requested by settling parties in order to protect settling defendants from claims for contribution or indemnity by non-settling persons. *See, e.g.*, *Gerber v.*

*MTC Elec. Techs. Co.*, 329 F.3d 297, 307 (2d Cir. 2003); *Franklin*, 884 F.2d at 1231-32; *FDIC v. Geldermann, Inc.*, 975 F.2d 695, 698 (10th Cir. 1992); *In re WorldCom, Inc. Sec. Litig.*, 2004 WL 2591402, at *14-15 (S.D.N.Y. Nov. 12, 2004); *Aks*, 1992 WL 401708, at *16.[9]

The Proposed Order is consistent with bar orders approved by the Ninth Circuit in *Franklin*, 884 F.2d at 1232, and the Second Circuit in *Gerber*, 329 F.3d at 303, and with guidance provided by the Tenth Circuit in *TBG, Inc. v. Bendis*, 36 F.3d 916 (10th Cir. 1994). It also tracks the language of the bar orders previously approved by this Court and by Judge Cote in the NCUA litigation,[10] and by Judge Cote in the FHFA litigation.[11] And it is consistent with a similar order entered by Judge Lungstrum in *Aks*, 1992 WL 401708, at *16-17.

The Proposed Order is no broader than necessary to protect the legitimate interests of the Settling Parties, and it fully protects the interests of the Non-Settling Defendants. It is no broader than necessary because "'the only claims that are extinguished are claims where the injury is the non-settling defendants' liability to the plaintiffs.'" *WorldCom,* 2005 WL 591189, at *10 (emphasis omitted) (quoting *Gerber*, 329 F.3d at 307); *see also TBG*, 36 F.3d at 928 (recognizing that courts have "allowed bar orders" that cover "claims in which the damages are 'measured by' the defendant's

---

[9] *See also, e.g.*, *Eichenholtz v. Brennan*, 52 F.3d 478, 482 n.8, 487 (3d Cir. 1995) (approving bar order extinguishing claims for contribution and indemnification however denominated); *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 n.2, 496 (11th Cir. 1992) (approving bar order extinguishing all claims for contribution or indemnity against the settling defendants).

[10] Contribution Bar Order, *NCUA v. Goldman Sachs*, No. 11-6521, ECF No. 491 (C.D. Cal. Dec. 21, 2015); Contribution Bar Order, *NCUA v. Barclays Capital*, No. 13-6727, ECF No. 207 (S.D.N.Y. Dec. 8, 2015) (Barclays bar order).

[11] *See, e.g.*, Order of Voluntary Dismissal with Prejudice and Bar Order, No. 11-7010, ECF No. 931 (S.D.N.Y. June 30, 2014) (RBS bar order); Order of Voluntary Dismissal with Prejudice and Bar Order, No. 11-7010, ECF No. 884 (S.D.N.Y. May 9, 2014) (Barclays bar order).

liability to the plaintiff"). The Proposed Order meets that requirement because it bars only claims that

> seek[] to recover from the Settling Defendants [*i.e.*, Morgan Stanley] any part of any judgment entered against the Non-Settling Defendants and/or any settlement reached with any of the Non-Settling Defendants, in connection with any claims that are or could have been asserted against the Non-Settling Defendants that arise out of or relate to the Overlapping Securities . . . .

Ex. A, at 2. That language (identical to the language of Barclays bar orders previously approved and entered by this Court and Judge Cote, *see supra* note 10), adequately ensures that Non-Settling Defendants will be barred from asserting only claims that are based on the Non-Settling Defendants' actual or potential liability to NCUA.[12] Moreover, the Proposed Order is as narrowly drawn as possible; it relates only to the Overlapping Securities. *See* Ex. A, at 2-3.

The Proposed Order fully protects the interests of the Non-Settling Defendants because – like the judgment credit provision upheld in *Gerber* – it "award[s] a credit that is at least the settling defendants' proven share of liability." 329 F.3d at 303 (explaining that such a provision is sufficient to "protect[]" the "rights" of "non-settling defendants" without requiring a separate judicial "determination of the fairness

---

[12] The Proposed Order defines "Non-Settling Defendants" to include alleged joint tortfeasors that NCUA has not yet named in these consolidated cases. *See* Ex. A, at 2. That definition gives Morgan Stanley necessary protection against any contribution or indemnity claims by any such unnamed potential tortfeasors, while providing any such potential parties with the dual protections of a judgment credit and a bar against Morgan Stanley suing them for any part of its settlement with NCUA. Courts have approved bar orders like this one that extend to unnamed potential tortfeasors. *See supra* note 10 (NCUA bar orders); *supra* note 11 (FHFA bar orders); Order at 7, *NCUA v. Barclays Capital*, No. 12- 2631, ECF No. 137 (D. Kan. Dec. 4, 2015) (approving of Barclays bar order applying to "any other unnamed potential defendants/tortfeasors that have not already been sued by plaintiff in other actions"); *see also In re WorldCom, Inc. Sec. Litig.*, 2005 WL 2010153, at *1 (S.D.N.Y. Aug. 23, 2005) (Cote, J.).

1  of the settlement"); *see Pinnacle West*, 51 F.3d at 197 (explaining that such a
2  "proportionate judgment" approach ensures that non-settling defendants are "not
3  prejudiced" but instead "are left in the same position they would have been if the
4  other parties had not settled"); *Aks*, 1992 WL 401708, at *13 (finding that a judgment
5  credit based on a "proportionate offset" strikes an appropriate "balance between the
6  objectives of contribution and settlement").

7  Specifically, the Proposed Order entitles the Non-Settling Defendants to "a
8  judgment credit in an amount that is the greater of a) the amount of [NCUA's]
9  settlement with Morgan Stanley & Co., Inc. and Saxon Asset Securities Co. in the
10 Settled Actions allocated to the Overlapping Securities . . . or b) for each such claim,
11 state or federal, on which contribution or indemnity is available, the proportionate
12 share of Morgan Stanley & Co., Inc.'s and Saxon Asset Securities Co.'s fault as proven
13 at trial." Ex. A, at 3. That is, the Non-Settling Defendants can elect either to accept a
14 credit for the full amount of Morgan Stanley's settlement attributable to the
15 Overlapping Securities, or prove that Morgan Stanley's proportionate share of liability
16 was greater than the amount for which it settled (and then receive a credit for that
17 greater share). It thus entitles the Non-Settling Defendants to at least as large an offset
18 as they could otherwise have received at trial, and potentially a larger one.[13] That
19 approach mirrors the judgment-credit provisions approved by the Second Circuit in
20 *Gerber* and provisions previously approved by this Court and Judge Cote in the NCUA
21 litigation, and is more generous to the Non-Settling Defendants than the approach

---

[13] Under Section 11, the Non-Settling Defendants would have contribution claims against Morgan Stanley at most for the amount of damages attributable to Morgan Stanley's proportionate fault with respect to the Overlapping Securities. *See, e.g.*, *Smith v. Mulvaney*, 827 F.2d 558, 560-61 (9th Cir. 1987) (adopting proportionate fault rule for contribution for 10b-5 actions after analysis of statutory language of § 11). The Non-Settling Defendants also likely have no right of contribution against Morgan Stanley under California Blue Sky Law because California generally prohibits non-settling parties from seeking contribution from settling parties. *See* Cal. Civ. Proc. § 877.

approved by the Ninth Circuit in *Franklin* and Judge Lungstrum in *Aks*.[14] It is fair and reasonable.

### II. The Court Should Issue the Proposed Contribution Bar Order In *RBS California*

NCUA respectfully requests that the Court issue the Proposed Order in the *RBS California Action* without requiring Morgan Stanley to intervene. NCUA is a party to the *RBS California Action* and has a clear and legitimate interest in seeking a contribution bar order in order to facilitate the settlement of its claims against Morgan Stanley. The Ninth Circuit's *Pinnacle West* case approved the entry of an order barring contribution and indemnity claims against a non-party, relying on the non-party's role as a "critical participant and contributor to the overall settlement" and on the district court's employment of a "proportionate" judgment offset like the one here. 51 F.3d at 197. Further, this Court's recent ruling in *Goldman Sachs* found that NCUA "by itself alone" had standing to seek a similar contribution bar order. *See* Ruling at 9-11, *NCUA v. Goldman Sachs*, No. 11-6521, ECF No. 490 (Dec. 21, 2015). The same approach is appropriate here.

### III. The Settlement Amounts for Specific Certificates Should Be Kept Confidential

Certain terms of the settlement agreement are confidential because they disclose the amounts of the settlement allocated to specific RMBS Certificates (the "Confidential Schedule"). The amounts involved in a settlement are of great concern to parties who are negotiating a compromise to pending litigation; extending confidentiality to such amounts should thus be encouraged by courts to facilitate and foster settlement. *See, e.g.*, *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir.

---

[14] *Compare Gerber*, 329 F.3d at 302-05 (greater of proportionate fault or amount of settlement) *and supra* note 10 (same), *with Franklin*, 884 F.2d at 1231-32 (proportionate fault) *and Aks*, 1992 WL 401708, at *17 (same).

2004) (explaining that there is no established presumption of access with respect to information contained in confidential settlement agreements that are not filed with the court and that "honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage"); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (recognizing that district courts "have the authority to grant protective orders for confidential settlement agreements"). Accordingly, district courts are empowered to prevent access to confidential information relating to settlements "when necessary to encourage the amicable resolution of disputes." *City of Hartford v. Chase*, 942 F.2d 130, 135 (2d Cir. 1991).

Here, the information on the Confidential Schedule is a key part of the settlement. If that information were disclosed, it could prejudice NCUA's ability to litigate and negotiate claims against other defendants, or Morgan Stanley's ability to litigate and negotiate claims brought by other plaintiffs. Any interest of defendants in other lawsuits involving NCUA's RMBS litigation or of the public in obtaining access to the Confidential Schedule is significantly outweighed by the Settling Parties' right to maintain the terms of the settlement in confidence. Accordingly, the Proposed Order contains an appropriate request that the allocations in the settlement be made subject to a protective order of the Courts. Ex. A, at 3-4.

However, NCUA recognizes that disclosure of information about the specific amount allocated to the Overlapping Security will become necessary to give effect to the judgment credit provisions of the Proposed Order should NCUA proceed to trial in the *RBS California Action, RBS Kansas Action*, or the *Credit Suisse Kansas Action*. Accordingly, the Proposed Order provides that "at the time a pretrial order is issued in any action in which NCUA asserts claims based on the Overlapping Securities, NCUA shall disclose the information in the Confidential Schedule pertaining to the Overlapping Securities to any Non-Settling Defendant against whom NCUA asserts such claims." Ex. A, at 4. This provision is consistent with the bar order approved by

Judge Cote, *see* Contribution Bar Order at 4, *NCUA v. Barclays Capital*, No. 13-6727, ECF No. 207 (S.D.N.Y. Dec. 8, 2015) (Barclays bar order), and Judge Lungstrum indicated that he would accept such a similar provision, *see* Memorandum and Order at 4-5, *NCUA v. Barclays Capital*, No. 12-2631, ECF No. 137 (D. Kan. Dec. 4, 2015).[15]

## CONCLUSION

NCUA respectfully requests that the Court enter the Proposed Order.

---

[15] In its recent ruling in the *Goldman Sachs* case, this Court declined to resolve the question whether the bar order should explicitly require disclosure at the time of the pretrial order, because Goldman Sachs had not raised the issue. *See* Ruling at 9 n.12, *NCUA v. Goldman Sachs*, ECF No. 490. The Court did not express any disapproval of such a requirement, and NCUA has included one in the present proposed order.

Dated: January 6, 2016

| | |
|---|---|
| GEORGE A. ZELCS<br>KOREIN TILLERY LLC<br>205 North Michigan Avenue,<br>Suite 1950<br>Chicago, Illinois 60601<br>Telephone: (312) 641-9750<br>Fax: (312) 641-9751<br><br>STEPHEN M. TILLERY<br>DOUGLAS R. SPRONG<br>ROBERT L. KING<br>DIANE E. MOORE<br>KOREIN TILLERY LLC<br>505 North Seventh Street<br>Suite 3600<br>St. Louis, Missouri 63101-1625<br>Telephone: (314) 241-4844<br>Fax: (314) 241-3525 | MARC M. SELTZER<br>BRYAN CAFORIO<br>SUSMAN GODFREY L.L.P.<br><br>MARK C. HANSEN<br>DAVID C. FREDERICK<br>dfrederick@khhte.com<br>WAN J. KIM<br>JOSEPH S. HALL<br>GREGORY G. RAPAWY<br>KELLOGG, HUBER, HANSEN,<br>  TODD, EVANS & FIGEL, P.L.L.C.<br>Sumner Square<br>1615 M Street, N.W., Suite 400<br>Washington, D.C. 20036<br>Telephone: (202) 326-7900<br>Fax: (202) 326-7999<br><br>By:    /s/ David C. Frederick<br>           David C. Frederick<br><br>*Attorneys for Plaintiff NCUA* |