# Exhibit A

| | |
|---|---|
| 1 | MARC M. SELTZER (54534) |
| | mseltzer@susmangodfrey.com |
| 2 | BRYAN CAFORIO (261265) |
| 3 | SUSMAN GODFREY L.L.P. |
| | 1901 Avenue of the Stars, Suite 950 |
| 4 | Los Angeles, California 90067-6029 |
| 5 | Telephone: (310) 789-3100 |
| | Fax: (310) 789-3150 |
| 6 | |
| 7 | Attorneys for Plaintiff National Credit Union Administration Board |
| 8 | |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union and of Western Corporate Federal Credit Union, | Case No. CV-11-5887 GW(JEMx) **CONTRIBUTION BAR ORDER** Am. Compl. filed: Nov. 14, 2014 Judge: Hon. George Wu Courtroom: 10 |
| Plaintiff, | |
| vs. | |
| RBS SECURITIES, INC., f/k/a RBS GREENWICH CAPITAL MARKETS, INC.; GREENWICH CAPITAL ACCEPTANCE, INC.; AMERICAN HOME MORTGAGE ASSETS LLC; INDYMAC MBS, INC.; LARES ASSET SECURITIZATION, INC.; NOMURA ASSET ACCEPTANCE CORP.; NOMURA HOME EQUITY LOAN, INC.; and WACHOVIA MORTGAGE LOAN TRUST, LLC., | |
| Defendants. | |

| | |
|---|---|
| 1 | **[PROPOSED] CONTRIBUTION BAR ORDER** |
| 2 | |
| 3 | WHEREAS, the Court has been informed that Plaintiff, National Credit Union |
| 4 | Administration Board ("NCUA"), as Liquidating Agent of U.S. Central Federal Credit |
| 5 | Union ("U.S. Central"), Western Corporate Federal Credit Union ("WesCorp"), |
| 6 | Members United Corporate Federal Credit Union ("Members United"), and Southwest |
| 7 | Corporate Federal Credit Union ("Southwest"), and Defendants Morgan Stanley & |
| 8 | Co., Inc. and Saxon Asset Securities Co. ("Morgan Stanley"; together with NCUA, the |
| 9 | "Settling Parties") have reached a settlement and entered into a Settlement Agreement |
| 10 | in connection with *NCUA v. Morgan Stanley & Co., Inc.*, No. 13-cv-2418 (JWL/JPO) |
| 11 | (the "*Morgan Stanley Kansas Action*") and *NCUA v. Morgan Stanley & Co., Inc.,* 13-cv- |
| 12 | 6705 (DLC) (the *"Morgan Stanley New York Action*" and, together with the *Morgan Stanley* |
| 13 | *Kansas Action,* the "Settled Actions"); and |
| 14 | WHEREAS, the *Morgan Stanley Kansas Action* asserted, among others, claims |
| 15 | against Morgan Stanley & Co., Inc. and Saxon Asset Securities Co. arising from |
| 16 | U.S. Central's purchase of SAST 2006-3 (CUSIP 80556AAD9) and claims against |
| 17 | Morgan Stanley & Co., Inc. arising from WesCorp's purchase of AHMA 2007-3 |
| 18 | (CUSIP026935AD8) (collectively the "Overlapping Securities"); |
| 19 | WHEREAS, *NCUA v. RBS Securities, Inc.*, 11-cv-5887-GW-JEM (C.D. Cal.) |
| 20 | (the "*RBS CA Action*") involves claims brought by Plaintiff against RBS Securities, |
| 21 | Inc. and American Home Mortgage Assets LLC arising from WesCorp's purchase |
| 22 | of AMHA 2007-3; |
| 23 | WHEREAS, *NCUA v. Credit Suisse Securities (USA) LLC*, 12-cv-2648-JWL-JPO |
| 24 | (D. Kan.) (the "*CS KS Action*") involves claims brought by Plaintiff against Credit |
| 25 | Suisse Securities (USA), LLC arising from U.S. Central's purchase of SAST 2006-3; |
| 26 | WHEREAS, *NCUA v. RBS Securities, Inc.*, 11-cv-2340-JWL-JPO (D. Kan.) (the |
| 27 | "*RBS KS Action*") (collectively, with the *RBS CA Action* and the *CS KS Action*, the |
| 28 | |

1 "Other Actions") involves claims brought by Plaintiffs against RBS Securities, Inc.
2 arising from U.S. Central's purchase of SAST 2006-3;
3     WHEREAS, the Settling Parties have moved the Courts for an order barring
4 claims by the non-settling defendants and any other alleged joint tortfeasors for
5 contribution or indemnity arising from the Overlapping Securities; and
6     WHEREAS, for good cause shown, and upon due consideration of the
7 Settling Parties' motion for entry of this Bar Order;
8     IT IS ORDERED that (a) RBS Securities, Inc., American Home Mortgage
9 Assets LLC, and Credit Suisse Securities (USA), LLC, (b) any other person or entity
10 later named as a defendant in the Other Actions, and (c) any other person or entity
11 that becomes liable to Plaintiff, to any current non-settling defendant in the Other
12 Actions, or to any other alleged tortfeasor, by reason of judgment or settlement, for
13 any claims that are or could have been asserted in the Other Actions relating to the
14 Overlapping Securities (collectively, the "Non- Settling Defendants"), are hereby
15 permanently BARRED, ENJOINED and RESTRAINED from commencing,
16 prosecuting, or asserting any claim for contribution or indemnity (whether styled as a
17 claim for contribution, indemnity or otherwise) against Morgan Stanley & Co., Inc.
18 and Saxon Asset Securities Co., their present and former parents, subsidiaries,
19 divisions, and affiliates, the present and former partners, employees, officers and
20 directors of each of them, the present and former attorneys, accountants, insurers
21 (but not affecting any obligation owed to Morgan Stanley & Co., Inc. or Saxon Asset
22 Securities Co. by any insurer), and agents of each of them, and the predecessors,
23 heirs, successors and assigns of each (collectively, the "Settling Defendants"), that
24 seeks to recover from the Settling Defendants any part of any judgment entered
25 against the Non-Settling Defendants and/or any settlement reached with any of the
26 Non-Settling Defendants, in connection with any claims that are or could have been
27 asserted against the Non-Settling Defendants that arise out of or relate to the
28 Overlapping Securities, whether arising under state, federal, or foreign law as claims,

Contribution Bar Order

1 cross-claims, counterclaims, or third-party claims, whether asserted in the Other
2 Actions, in any federal or state court, or in any other court, arbitration proceeding,
3 administrative agency, or other forum in the United States or elsewhere;
4     IT IS FURTHER ORDERED that Morgan Stanley & Co., Inc. and Saxon
5 Asset Securities Co. are hereby permanently BARRED, ENJOINED AND
6 RESTRAINED from commencing, prosecuting, or asserting any claim for
7 contribution or indemnity (whether styled as a claim for contribution, indemnity or
8 otherwise) against any of the Non-Settling Defendants that seeks to recover any part
9 of the settlement payment to be made by Morgan Stanley & Co., Inc. and Saxon
10 Asset Securities Co. to Plaintiff in connection with the settlement of the Settled
11 Actions, whether arising under state, federal, or foreign law as claims, cross-claims,
12 counterclaims, or third-party claims, whether asserted in this action, in any federal or
13 state court, or in any other court, arbitration proceeding, administrative agency, or
14 other forum in the United States;
15     IT IS FURTHER ORDERED that Plaintiff shall provide any Non-Settling
16 Defendant against which it obtains a judgment on claims related to the Overlapping
17 Securities a judgment credit in an amount that is the greater of (a) the amount of
18 Plaintiff's settlement with Morgan Stanley & Co., Inc. and Saxon Asset Securities
19 Co. in the Settled Actions allocated to the Overlapping Securities, as reflected on the
20 confidential schedule attached to the Settling Parties' settlement agreement as
21 Confidential Exhibit D (the "Confidential Schedule"), or (b) for each such claim,
22 state or federal, on which contribution or indemnity is available, the proportionate
23 share of Morgan Stanley & Co., Inc.'s and/or Saxon Asset Securities Co.'s fault as
24 proven at trial;
25     IT IS FURTHER ORDERED that the Confidential Schedule shall not be
26 disclosed to any person other than to a court of competent jurisdiction and necessary
27 court personnel, except that (a) NCUA and/or Morgan Stanley & Co., Inc. and
28 Saxon Asset Securities Co. shall disclose the Confidential Schedule upon order of a

1  court of competent jurisdiction finding good cause for such disclosure, and (b) at the
2  time a pretrial order is issued in any action in which NCUA asserts claims based on the
3  Overlapping Securities, NCUA shall disclose the information in the Confidential
4  Schedule pertaining to the Overlapping Securities to any Non-Settling Defendant
5  against which NCUA asserts such claims.

Dated: _____, 2016

_____

Hon. George H. Wu

United States District Judge