1  Michael E. Klenov (Cal. Bar No. 277028)
   mklenov@koreintillery.com
2  KOREIN TILLERY LLC
   505 North Seventh Street, Suite 3600
3  St. Louis, Missouri 63101-1625
   Telephone:  (314) 241-4844
4  Facsimile:    (314) 241-3525
5

6  *Attorneys for Plaintiff*
7  *National Credit Union Administration Board*

8

9             **UNITED STATES DISTRICT COURT**

10   **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

11

12 NATIONAL CREDIT UNION
   ADMINISTRATION BOARD,                 Case No. CV 11-5887-GW(JEMx)
13 as Liquidating Agent of Western
   Corporate Federal Credit Union,       **CONTRIBUTION BAR ORDER**
14

15              Plaintiff,               Judge:          Hon. George Wu
16       vs.                             Courtroom:      10

17 RBS SECURITIES, INC., *et al.*,       Date:           November 17, 2016
18              Defendants.              Time:           8:30 A.M.
19
20                                       Complaint Filed:
                                         July 18, 2011
21
                                         First Amended Complaint Filed:
22                                       August 19, 2013
23
                                         Second Amended Complaint Filed:
24                                       November 14, 2014
25
26
27
28

1    **<u>CONTRIBUTION BAR ORDER</u>**

2    WHEREAS, the Court has been informed that the National Credit Union

3    Administration Board as Liquidating Agent ("NCUA") of U.S. Central Federal Credit

4    Union ("U.S. Central") and Western Corporate Federal Credit Union ("WesCorp" and

5    the NCUA Board as liquidating agent for each of U.S. Central and WesCorp, the

6    "Plaintiff(s)"), and RBS Securities Inc., f/k/a Greenwich Capital Markets, Inc.,

7    Financial Asset Securities Corp., and RBS Acceptance Inc., f/k/a Greenwich Capital

8    Acceptance, Inc. (collectively "RBS" and together with Plaintiffs, the "Settling

9    Parties") have reached a settlement and entered into a Settlement Agreement in

10   connection with *National Credit Union Administration Board v. RBS Securities Inc.*, No. 11-

11   cv-2340 (JWL/JPO) (the "*RBS Kansas* Action") and *National Credit Union Administration*

12   *Board v. RBS Securities, Inc.*, 11 civ 5887 GW(JEMx) (the "*RBS California* Action" and,

13   together with the *RBS Kansas* Action, the "Settled Actions");

14   WHEREAS, the *RBS Kansas* Action asserted, among others, claims against RBS

15   Securities Inc. arising from U.S. Central's purchase of SAST 2006-3 A4 (CUSIP

16   80556AAD9) and NHELI 2007-1 1A4 (CUSIP 65537KAY6);

17   WHEREAS, the *RBS California* Action asserted, among others, claims against

18   RBS Securities Inc. arising from WesCorp's purchase of NAA 2006-AR4 A1B (CUSIP

19   65538DAB1), NHELI 2007-1 2A1A (CUSIP 65537KAB6), and NHELI 2007-1 2A1B

20   (CUSIP 65537KAC4);

21   WHEREAS, the *RBS Kansas* Action asserted, among others, claims against RBS

22   Securities Inc. arising from U.S. Central's purchase of NHEL 2006-5 A2D (CUSIP

23   66988YAE2);

24   WHEREAS, the *RBS Kansas* Action asserted, among others, claims against RBS

25   Securities Inc. arising from U.S. Central's purchase of NHEL 2006-5 M1 (CUSIP

26   66988YAF9);

27   WHEREAS, the *RBS Kansas* Action asserted, among others, claims against RBS

28   Securities Inc. arising from U.S. Central's purchase of NHEL 2006-5 M2 (CUSIP

1  66988YAG7) (collectively with SAST 2006-3 A4, NHELI 2007-1 1A4, NAA 2006-

2  AR4 A1B, NHELI 2007-1 2A1A, NHELI 2007-1 2A1B, NHEL 2006-5 A2D, and

3  NHEL 2006-5 M1, the "Overlapping Securities");

4       WHEREAS, *National Credit Union Administration Board v. Credit Suisse Securities*

5  *(USA) LLC*, 12-cv-02648-JWL-JPO (D. Kan.), also involves claims against Credit

6  Suisse Securities (USA), LLC arising from U.S. Central's purchase of SAST 2006-3 A4

7  (CUSIP 80556AAD9);

8       WHEREAS, *National Credit National Credit Union Administration Board v. UBS*

9  *Securities, LLC*, 11-cv-02591-JWL-JPO (D. Kan.) (collectively with *National Credit*

10  *National Credit Union Administration Board v. Credit Suisse Securities (USA) LLC*, 12-cv-

11  02648-JWL-JPO (D. Kan.), the "Other Actions"), also involves claims against UBS

12  Securities, LLC arising from WesCorp's purchase of NAA 2006-AR4 A1B (CUSIP

13  65538DAB1).

14       WHEREAS, the *RBS California* Action also involves claims against Nomura

15  Asset Acceptance Corp. arising from WesCorp's purchase of NAA 2006-AR4 A1B

16  (CUSIP 65538DAB1);

17       WHEREAS, the *RBS California* Action also involves claims against Nomura

18  Home Equity Loan, Inc. arising from WesCorp's purchase of NHELI 2007-1 2A1A

19  (CUSIP 65537KAB6) and NHELI 2007-1 2A1B (CUSIP 65537KAC4);

20       WHEREAS, the *RBS Kansas* Action also involves claims against Nomura Home

21  Equity Loan, Inc. arising from U.S. Central's purchase of NHELI 2007-1 1A4 (CUSIP

22  65537KAY6);

23       WHEREAS, the *RBS Kansas* Action also involves claims against NovaStar

24  Mortgage Funding Corp. arising from U.S. Central's purchase of NHEL 2006-5 A2D

25  (CUSIP 66988YAE2);

26       WHEREAS, the *RBS Kansas* Action also involves claims against NovaStar

27  Mortgage Funding Corp. arising from U.S. Central's purchase of NHEL 2006-5 M1

28  (CUSIP 66988YAF9);

1    WHEREAS, the *RBS Kansas* Action also involves claims against NovaStar

2    Mortgage Funding Corp. arising from U.S. Central's purchase of NHEL 2006-5 M2

3    (CUSIP 66988YAG7);

4    WHEREAS, in the Settled Actions, the Settling Parties will either stipulate to

5    voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) or else move for entry of

6    orders of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2) dismissing all claims

7    therein as against RBS with prejudice;

8    WHEREAS, the Settling Parties have also moved the Court for an order barring

9    claims by the non-settling defendants and any other alleged joint tortfeasors for

10   contribution or indemnity arising from the Overlapping Securities; and

11   WHEREAS, for good cause shown, and upon due consideration of the Settling

12   Parties' motion for entry of this Bar Order;

13   IT IS ORDERED that (a) Credit Suisse Securities (USA), LLC, UBS Securities,

14   LLC, Nomura Asset Acceptance Corp., Nomura Home Equity Loan, Inc., NovaStar

15   Mortgage Funding Corp., (b) any other person or entity later named as a defendant in

16   the Settled Actions or Other Actions, and (c) any other person or entity that becomes

17   liable to Plaintiffs, to any current non-settling defendant in the Settled Actions or

18   Other Actions, or to any other alleged tortfeasor, by reason of judgment or settlement,

19   for any claims that are or could have been asserted in the Settled Actions or Other

20   Actions relating to the Overlapping Securities (collectively, the "Non-Settling

21   Defendants"), are hereby permanently BARRED, ENJOINED and RESTRAINED

22   from commencing, prosecuting, or asserting any claim for contribution or indemnity

23   (whether styled as a claim for contribution, indemnity or otherwise) against RBS, its

24   present and former parents, subsidiaries, divisions and affiliates, the present and

25   former partners, employees, officers and directors of each of them, the present and

26   former attorneys, accountants, insurers (but not affecting any obligation owed to RBS

27   by any insurer), and agents of each of them, and the predecessors, heirs, successors

28   and assigns of each (collectively, the "Settling Defendant"), that seeks to recover from

the Settling Defendant any part of any judgment entered against the Non-Settling Defendants and/or any settlement reached with any of the Non-Settling Defendants, in connection with any claims that are or could have been asserted against the Non-Settling Defendants that arise out of or relate to the Overlapping Securities, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in the Other Actions, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere;

IT IS FURTHER ORDERED that RBS is hereby permanently BARRED, ENJOINED AND RESTRAINED from commencing, prosecuting, or asserting any claim for contribution or indemnity (whether styled as a claim for contribution, indemnity or otherwise) against any of the Non-Settling Defendants that seeks to recover any part of the settlement payment to be made by RBS to Plaintiffs in connection with the settlement of the Settled Actions, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in this action, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States;

IT IS FURTHER ORDERED that the Plaintiffs shall provide any Non-Settling Defendant against which they obtain a judgment on claims related to the Overlapping Securities a judgment credit in an amount that is the greater of (a) the amount of the Plaintiff's settlement with RBS in the Settled Actions allocated to the Overlapping Securities, as reflected on the confidential schedule attached to the Settling Parties' settlement agreement as Confidential Exhibit D (the "Confidential Schedule"), or (b) for each such claim, state or federal, on which contribution or indemnity is available, the proportionate share of RBS's fault as proven at trial;

IT IS FURTHER ORDERED that the Confidential Schedule shall not be disclosed to any person other than to a court of competent jurisdiction and necessary court personnel, except that (a) NCUA or RBS shall disclose the Confidential Schedule

1   upon order of a court of competent jurisdiction upon a showing of good cause, and

2   (b) at the time a pretrial order is issued in any action in which NCUA asserts claims

3   based on the Overlapping Securities (or, if such a pretrial order has been entered

4   before the entry of this Order, promptly after this Order is entered), NCUA shall

5   disclose the information in the Confidential Schedule pertaining to the Overlapping

6   Securities to any Non-Settling Defendant against which NCUA asserts such claims.

7

8

9                                                                  Dated: November 17, 2016

10

11

12

13   _____

14                                                                  Hon. George H. Wu

15                                                                  United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28